425 So.2d 1318 (1983)
FOLSOM ROAD CIVIC ASSOCIATION
v.
PARISH OF ST. TAMMANY Through ST. TAMMANY PARISH COUNCIL.
No. 82 CA 0296.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
*1319 Delbert G. Talley, Gretna, M.J. Le Gardeur, Jr. Covington, for plaintiff.
Julian J. Rodrigue, Jr., Covington, for intervenor.
Marion B. Farmer and James R. Jenkins, Covington, for appellee.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
This is a suit by the Folsom Road Civil Association against the Parish of St. Tammany through the Parish Council and the Parish Department of Planning and Engineering seeking a writ of mandamus ordering the Parish Council to withdraw approval of the preliminary subdivision plan for Lake Hills Subdivision. Additionally, plaintiff seeks to force the Department of Planning and Engineering to comply with the procedures set out in St. Tammany Parish Ordinance 499. (Ordinance 499 is St. Tammany Parish's subdivision ordinance.) The developers of Lake Hills Subdivision have intervened.
The Lake Hills development was given tentative approval on January 24, 1980, by the St. Tammany Parish Planning Commission. Subsequent to this approval, the Parish Council abolished the Planning Commission on March 5, 1981, and substituted an advisory board in its place. After receiving the approval of the Parish Council Subdivision Committee on May 21, 1981, the full council gave preliminary approval of phases I and II of the project. This suit followed on August 21, 1981.
In its petition, plaintiff asserts that the Lake Hills project has not met all the requirements set forth in Ordinance 499; specifically, tentative approval was conferred without the required notice to adjoining landowners and the submission of a master plan. Moreover, preliminary approval was given before various sanitation and road construction provisions were adhered to and without obtaining signatures to project documents.
In response to the petition, defendants filed an exception of unauthorized use of summary proceedings and an answer in the form of a general denial. In his written reasons, the trial judge sustained the exception on the ground that the decision to approve or disapprove a subdivision plat is *1320 not a ministerial duty. The trial court further held that it was not necessary for the Department of Planning and Engineering to issue the work permit since the approval of the preliminary plan by the Parish Council was tantamount to issuance of the permit.
Plaintiff asserts three specifications of error. Initially, plaintiff argues that the trial court improperly considered defendants' exception of unauthorized use of summary procedure. We reject this argument. Because mandamus is a summary procedure (LSA-CCP Art. 2592), exceptions to such proceedings must be filed prior to the time assigned for the time assigned for the trial (LSA-CCP Art. 2593). The record reflects that defendants' exception was filed prior to the hearing; thus, defendants' exception was timely and properly considered by the trial court.
Plaintiff's second and third specifications of error encompass the crux of its complaint. These specifications pose a dual question: Was the tentative and preliminary approval of the subdivision plans consistent with the requirements of Ordinance 499; and if it was not, can the Court require compliance via a writ of mandamus?
It is significant to note that tentative approval of the subdivision was conveyed prior to the time that the Planning Commission was abolished. Additionally, Ordinance 499 was enacted pursuant to LSA-RS 33:101, et seq., the enabling legislation of local planning commissions. Consequently, at the time tentative approval was given, the defendant was required to be in conformity with the provisions of LSA-RS 33:101, et seq., and Ordinance 499. LSA-RS 33:113 requires that notice by certified mail shall be sent to all adjacent landowners prior to approval or disapproval of the plat. More particularly, Ordinance 499 requires that the list of landowners be submitted at the same time the plat is submitted for tentative approval. Finally, the ordinance requires that notification of adjoining landowners shall precede approval of the tentative and, logically, the preliminary plan. A review of the record indicates that this procedure was not followed. This failure is, in the Court's opinion, a serious violation of the ordinance and will support plaintiff's writ of mandamus. Although the Court feels the parish may have the discretion to approve or disapprove the plan itself (cf. Melancon v. Police Jury of Lafayette, 301 So.2d 715, La.App.3rd Cir.1974), we also feel the parish has no discretion in following the requirements of its own ordinance (cf. Old Jefferson Civic Association, Inc. v. Planning Commission for the City of Baton Rouge and the Parish of East Baton Rouge, 364 So.2d 193, La.App. 1st Cir.1978), and that mandamus is the appropriate vehicle to enforce compliance.
Plaintiff next argues that Ordinance 499 requires that the Department of Engineering issue the work permit rather than the current practice which equates approval of the preliminary plan by the council with the issuance of a work permit. A review of the preliminary approval check sheet, together with the testimony of Rene' Harris, the parish Director of Engineering, convinces the Court that all of the safeguards of Ordinance 499 are being met by the current procedure. It is the engineer who marks the check sheet when the various elements have been completed by the developer and then reports to the council's subdivision regulations committee, which recommends approval or disapproval of a work permit. Thus, by virtue of the engineer's supervision over the compliance with the preliminary approval check sheet, technical control over the project remains with the Department of Engineering and the intent of Ordinance 499 is fulfilled.
Finally, the Court feels that the other alleged irregularities in the council's procedure are without merit. The preliminary check sheet when read in conjunction with the preliminary and final flow chart, a review of the record, and the custom of the council indicates that all relevant provisions of the ordinance have been or will be complied with before final approval is given. Accordingly, mandamus is not appropriate as to these.
*1321 Thus, the Court overrules the maintenance of the exception of unauthorized use of summary proceeding and grants plaintiff's writ of mandamus only insofar as it commands the St. Tammany Parish Council to give notice of the project and an opportunity to be heard to the adjoining landowners prior to final approval of the development being given. Appellees are to pay all costs of this appeal in the amount of $534.30.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.