690 So.2d 150 (1997)
Neal ALLEN
v.
ST. TAMMANY PARISH POLICE JURY.
No. 96 CA 0938.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
Writ Denied April 18, 1997.
*151 William M. Magee, Covington, for Appellant-Plaintiff.
Lane A. Carson, Covington, for Appellee-Defendant.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
*152 FOIL, Judge.
The only issue in this appeal is whether the trial court erred in denying a writ of mandamus to a property owner who sought the writ to compel a parish police jury to comply with its zoning ordinances. We find that the plaintiff is not entitled to mandamus relief, and affirm.

DISCUSSION
This mandamus action was originally filed by Alpine Village Homeowners Association against the St. Tammany Parish Police Jury. Neal Allen, a resident of Alpine Village Subdivision in St. Tammany Parish was later substituted as the proper party plaintiff. Plaintiff owns property immediately adjacent to a proposed subdivision development referred to as Oak River Estates. In this mandamus action, plaintiff challenged the action of the Parish Planning Commission and the Police Jury in granting tentative and preliminary approval to a development called Oak River Estates Subdivision, averring that the Parish violated its own zoning ordinances in granting such approval. Plaintiff complained that specific zoning ordinances and regulations were violated in these respects: (1) the developer failed to submit a request for Planned Unit Development (PUD) zoning required for property falling within a 100-year flood zone; (2) the Police Jury failed to investigate discrepancies between the drainage plans of the proposed subdivision and the drainage patterns of his subdivision; (3) the subdivision proposal failed to conform to the major street plan; (4) some lots did not contain the required frontage measurements; (5) the Police Jury failed to locate and designate protected trees in the area of the proposed subdivision; (6) the plans did not show the required right of way boulevard at the entry of the proposed subdivision; (7) the plans did not depict open spaces within the proposed subdivision; and (8) the length of the subdivision and access streets exceeded the 700' maximum length for cul-de-sacs.
Plaintiff insisted that because the mandatory provisions of the zoning ordinances were not complied with, he was entitled to an order rescinding the tentative and preliminary approval for Oak River Estates Subdivision. Furthermore, he requested that the Police Jury be ordered to follow its zoning ordinances in the subdivision preliminary approval process.
The Police Jury filed an exception challenging the use of the mandamus procedure as an unauthorized use of the summary proceeding. The trial court overruled the exception at the start of the trial, and the case was heard by the trial court on the merits. Testimony of the Parish officials involved in the subdivision approval process was adduced at the trial. Basically, these officials testified that the individuals involved in the subdivision approval process did not feel that the relied upon ordinances applied to the challenged subdivision request.
Following the conclusion of the evidence, the trial court denied the writ of mandamus. The court reviewed each of the complaints raised at trial by plaintiffs, and stated that the Parish Planning Commission has discretion to determine if a developer has sufficiently complied with the zoning ordinances in granting preliminary approval to a proposed development. In denying the writ of mandamus, the court concluded that plaintiff failed to prove that this discretion had been abused.
Plaintiff appealed, contending that the trial court applied an inappropriate standard of review in assessing the validity of the zoning authorities' actions. Plaintiff asserts that the ordinances are mandatory because in Ordinance 523, St. Tammany Parish's Comprehensive Land Use Ordinance, appears the statement that the regulations contained therein will serve as a "constitution" and that the ordinance will serve as the "codified law." Plaintiff avers that because of this pronouncement, each of the provisions in the land use regulations rises to the level of an absolute mandatory requirement which must be fulfilled before the zoning authorities may grant a proposed subdivision developer's application for preliminary approval.
Plaintiff also relies on the case of Folsom Road Civic Association v. Parish of St. Tammany, 425 So.2d 1318, 1320 (La.App. 1st Cir.1983), wherein this court stated that while a parish zoning authority may have *153 discretion to approve or disapprove of a subdivision plan itself, it has no discretion in following the requirements of its ordinance. The zoning ordinance in that case required that adjoining landowners be given notice of a proposed development prior to the granting of preliminary approval to a proposed subdivision. This court held that mandamus was an appropriate vehicle to require a zoning authority to comply with this provision.
In reviewing plaintiff's claims, we start with the premise that mandamus is an extraordinary remedy which must be used by courts sparingly only to compel action that is clearly provided by law, but only where it is the only available remedy or where delay occasioned by the use of any other remedy would cause an injustice. State ex rel. Neighborhood Action Committee v. Edwards, 94-0630 (La App. 1 Cir. 3/3/95); 652 So.2d 698, 700. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. Messer v. Department of Corrections, Louisiana State Penitentiary, 385 So.2d 376, 378 (La.App. 1st Cir.), writ denied, 386 So.2d 1379 (La.1980). The remedy is not available to command the performance of an act which contains any element of discretion, however slight. Caddo Parish Fire Districts Two, Three, Five and Six v. Clingan, 26,453 (La.App. 2 Cir. 1/25/95); 649 So.2d 156, 159.
Plaintiff's reliance on the language of Ordinance 523 and the Folsom case as justifying a mandamus action to challenge the action of a zoning authority in approving a subdivision proposal is misplaced. The following language also appears in Ordinance 523:
... [T]hese qualities of attractiveness and desirability are today creating a threat to the very land and resources which have made St. Tammany so popular. Rapid population growth and accompanying problems are changing the area's character. Realizing this, the St. Tammany Parish Police jury has initiated a Comprehensive Land Use Plan. The Land Use Policy contained in this report is the recommended set of guidelines to promote organized and beneficial growth in the future. (Emphasis added)
This language makes it clear that every zoning ordinance does not impose an absolute, mandatory requirement which must be satisfied in every case, but rather, the regulations are to serve as guidelines for determining whether a particular proposed development will promote the goals behind the Comprehensive Land Use Plan. Within the zoning scheme, there may be provisions, such as the one at issue in Folsom, which create a clear, mandatory legal duty that must be undertaken prior to granting a proposed subdivision request. An example of an ordinance evidencing such language can be found in St. Tammany Parish Subdivision Regulations, Ordinance 499, Sec. 40-032.02. It is entitled "Approval (Street Construction Plans Mandatory),": and states: "[n]o application for preliminary or final subdivision approval shall be approved until the design details and specifications of the construction of the road base and wearing surfaces have been submitted and approved by the Dept. of Public Works." However, the ordinances relied on by plaintiff contain no similar mandatory language. The ordinance plaintiff devotes the bulk of this challenge is part of Ordinance No. 523, § 12.04(20), which states that "[d]evelopment for any use that may be seriously affected by inundation that falls within a 100-year flood zone as defined by the Federal Emergency Management Agency shall come under the regulations for a PUD." An applicant falling under the PUD regulations is required to submit a request for a rezoning designation to a PUD zone with an application for tentative subdivision approval. This provision necessarily requires a determination of whether a use "may be seriously affected by inundation." Since the zoning authorities must make a factual determination as to whether a particular applicant falls under the PUD designation before the regulation even applies, and because that determination is one requiring some element of discretion, this ordinance cannot serve as the basis for a mandamus action.
The second regulation plaintiff insists was violated is Ordinance 499, Section 40-032.0, which states:

*154 (4) Dead end streets are prohibited, however cul-de-sacs may be used by developers provided that the following minimum standards are utilized:
(b) A street terminated by a cul-de-sac shall be no greater than seven-hundred (700) feet in length. However, some exceptions may apply due to extenuating circumstances. In such cases, the Planning Commission shall reserve the right to waive the length standards.
It is beyond dispute that this provision does not create any mandatory duty on the part of the Police Jury in approving subdivisions. The Police Jury clearly can refuse to enforce the requirement in the exercise of its discretion. Therefore, this ordinance cannot serve as the basis for a mandamus action.
The next group of asserted violations focus on the failure of the developer to submit certain studies at the appropriate stage of the approval process and the failure of the developer to obtain approval of its plans from another agency at a certain stage in the proceedings. Plaintiff does not allege that the requisite studies were not submitted or that the approval was not given, merely that it was done at the incorrect stage in the proceedings. We have reviewed the ordinances relied on, and find that none imposes any clear or mandatory duty on the part of the police jury to withhold tentative and preliminary approval of the subdivision development. Therefore, the timeliness of the submissions is a matter within the discretion of the zoning authorities, and may not serve as the basis for a mandamus action.
The action of the Parish Police Jury in granting tentative and preliminary subdivision approval under its comprehensive land use regulatory scheme is one falling within its discretion. Folsom Road Civic Association v. Parish of St. Tammany, 425 So.2d at 1320. That action can only be invalidated upon a showing that the zoning authority acted without authority, or acted arbitrarily, capriciously or with any calculated or prejudicial lack of discretion. Papa v. City of Shreveport, 27,045 (La.App. 2 Cir. 9/29/95); 661 So.2d 1100, 1103, writ denied, 95-2544 (La. 1/5/96); 666 So.2d 295; Christopher Estates, Inc. v. Parish of East Baton Rouge, 413 So.2d 1336, 1338 (La.App. 1st Cir.1982). Since plaintiff failed to prove that any specific provision of the comprehensive zoning scheme constitutes a mandatory prerequisite to subdivision approval which leaves no element of discretion to the zoning authorities, plaintiff is not entitled to a writ of mandamus.
Accordingly, we affirm the judgment of the trial court dismissing plaintiff's request for a writ of mandamus. All costs of this appeal are assessed to plaintiff, Neal Allen.
AFFIRMED.