JAMES F. McKAY III, Chief Judge.
Ijn this public bid law case, the defendants, the City of New Orleans and Mitchell J. Landrieu in his official capacity as the Mayor of the City of New Orleans, appeal the trial court’s granting of a preliminary injunction and mandamus in favor of the plaintiff, MST Enterprises, L.L.C. We reverse.
FACTS AND PROCEDURAL HISTORY
On June 6, 2014, the City of New Orleans issued an invitation to bid for a large scale tree planting and beautification project along Esplanade Avenue. The bid specifications stated that “[tjree pruning shall be completed by a Louisiana Licensed and ISA Certified Arborist.”[1] On July 24, 2014, the City received three bids, including one from MST Enterprises, L.L.C.
On July 28, 2014, Raymond Moran, assistant purchasing agent for the City, emailed MST to request MST’s post-bid documents. MST’s response to this request did not include an ISA certification. On July 31, 2014, Mr. Moran again emailed MST and specifically asked MST to provide documentation regarding the ISA certification requirement. MST responded to Mr. Moran’s email that same [ 2day, but did not provide the requested documentation. On August 14, 2014, Mr. Moran emailed MST for a third time and specifically requested that MST provide evidence that it could meet the ISA requirements set forth in the bid specifications. MST responded the following day, but again failed to attach the ISA certification. Mr. Moran emailed MST for a fourth time on August 21, 2014, and asked MST to explain how it planned to satisfy the ISA certification requirement. Mr. Moran proposed that MST provide the name of the ISA certified' individual that MST would use for the pruning. On August 25, 2014, MST sent a letter to the City, stating: “we will obtain the ISA Certification Prior to the Start of Work. Application is in Process and should be obtained in 30 days or less.” On September 4, 2014, the City sent a letter to MST, rejecting its bid as non-responsive. The City believed that MST’s inability to provide clear and convincing evidence of the firm’s present ability to fulfill [the ISA certification] requirement caused the bid to be non-responsive.
MST filed a petition for temporary restraining order, preliminary and permanent injunctive relief, writ of mandamus, and declaratory judgment on October 9, 2014. On October 21, 2014, a hearing took place before the Honorable Paula Brown. Following the hearing, the trial court granted MST’s motion for preliminary injunction, pending the.City giving MST an administrative “responsibility” hearing. The trial court found that the ISA certification was not a required bid or post-bid document, so MST’s failure to submit the ISÁ certification would not render the bid nonresponsive. However, the trial court also found that |sMST’s failure to provide the City with the requested information was non-responsible and MST was entitled to an administrative hearing pursuant to La. R.S. 38:2212(X).[2]
On October 27, 2014, an informal administrative hearing was held before Hearing Officer Maria J. Auzenne. Prior to the *198 hearing, on October 22, 2014, counsel for MST informed the City that MST’s chosen arborist had passed her ISA certification exam. On November 11, 2014, the hearing officer issued a written ruling where she concluded that: 1) the City did not act arbitrarily or capriciously in determining that the failure of MST to timely provide the identification of an ISA certified arborist made MST a non-responsible bidder; 2) the City allowed MST a generous amount of time to provide the required information; and 3) the fact that MST finally provided the information after the City made its determination did not require the City to reverse its decision.
On November 14, 2014, the City filed a motion to dissolve preliminary injunction. The City asserted that the preliminary injunction was unnecessary and inequitable in light of the hearing officer’s ruling. On November 18, 2014, MST filed a petition for preliminary and permanent injunc-tive relief and mandamus. A hearing in Civil District Court took place on November 25, 2014. The trial court found that MST received a full and fair responsibility hearing, but MST was non-responsible for failing to timely submit required documents. However, the trial |4 court held that the hearing was untimely under La. R.S. 38:2212(X) and granted MST’s petition for preliminary injunction and request for mandamus, ordering the City to award the contract to MST. The trial court issued a written judgment accompanied by reasons for judgment on December 11, 2014. On December 18, 2014, the City appealed to this Court.
DISCUSSION
On appeal, the City raises the following assignments of error: 1) the trial court erred in ruling that the City was obhgated under the LPBL to provide MST with an administrative hearing within five business days of rejecting its bid as nonresponsive on September 4, 2014; and 2) the trial court erred in awarding the contract to MST.
The issuance of a preliminary injunction is a “harsh, drastic and extraordinary remedy, which should only issue where the petitioner is threatened with irreparable harm and has no adequate remedy at law.” Kruger v. Garden Dist. Ass’n., 00-1135, p. 7 (La.App. 4 Cir. 1/17/01), 779 So.2d 986, 991. In an appeal of the granting or denial of a preliminary injunction, the reviewing court must look at “whether the trial court committed an error of law or made a factual finding which is manifestly erroneous or clearly wrong.” Hamp’s Const., L.L.C. v. HANO, 10-0816, p. 3 (La.App. 4 Cir. 12/1/10), 52 So.3d 970, 973 (quoting Saunders v. Stafford, 05-0205, p. 5 (La.App. 4 Cir. 1/11/06), 923 So.2d 751, 754).
“Where one or more legal errors interdict the court’s fact-finding process, however, the manifest error standard becomes inapplicable, and the appellate court |fimust conduct its own de novo review of the record.” Id. at 973 (citing South East Auto Dealers Rental Ass’n, Inc. v. EZ Rent to Own, Inc., 07-0599, p. 5 (La.App. 4 Cir. 2/27/08), 980 So.2d 89, 93). “A legal error occurs when a when a trial court applies incorrect principles of law and such errors are prejudicial.” Id. “Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights.” Id. A trial court’s erroneous application of law is entitled to no deference by the reviewing court. See Duhon v. Briley, 12-1137, p. 4 (LaApp. 4 Cir. 5/23/13), 117 So.3d 253, 257-258.
According to La. R.S. 38.2212(X), an administrative hearing is only required when a public entity proposes to disqualify a particular bidder “on grounds that such bidder is not a ‘responsible bidder.’ ” In *199 the instant case, the City’s letter, dated September 4, 2014, explicitly rejected MST’s bid as non-responsive. It was the City’s position that the requirement to provide the ISA certification was part of the bid documents. The Bid Specifications Project Manual Plan, Sheet 13, stated that “tree pruning shall be performed by a Louisiana licensed and [ISA] certified ar-borist.” After MST failed to produce what the City considered a required post-bid document, the City made the determination that MST was a non-responsive bidder. The trial court disagreed that the ISA requirement was part of the bid documents, and determined that MST’s failure to submit the certification pertained to responsibility.
On October 21, 2014, upon finding that MST’s bid was responsive but not responsible, the trial court ordered the City to provide an administrative hearing. | /The City complied and the hearing was held within five business days of the court’s ruling, as required by the LPBL. Both sides were present at the hearing and were given the opportunity to present oral argument, evidence, witness testimony, and to cross-examine witnesses. In her written ruling, the hearing officer concluded that:
[The City] did not act arbitrarily or capriciously in determining that the failure of MST to timely provide the identification of an ISA certified arborist made MST a non-responsible bidder. [The City] allowed MST a generous amount of time to provide the required information. The fact that MST finally provided the information after [The City] made its determination does not require [The City] to reverse its decision.
The trial court’s determination that LPBL required the City to provide MST with a “responsibility” hearing after rejecting MST’s bid as non-responsive was an improper reading of the law. The City’s obligation to provide the hearing did not attach until the trial court’s October 21, 2014 ruling that MST was not responsible. The City timely provided the hearing thereafter. As such, the trial court’s judgment of November 25, 2014, finding that the hearing was untimely is clearly wrong and must be reversed. The City only made a finding that the bid was nonre-sponsive; the trial court, in its initial ruling, is the one who found the bid non-responsible.
“Mandamus is an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law.” Hemp’s Const., L.L.C. v. HANO, 10-0816, p. 3 (La.App. 4 Cir. 12/1/10), 52 So.3d 970, 973 (citing Allen v. St. Tammany Police Jury, 96-0938, p. 4 (La.App. 1 Cir. 2/14/97), 690 So.2d 150, 153). “Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised.” Id. “The remedy is not 17available to command the performance of an act that contains any element of discretion, however slight.” Id. (citing Fire Protection Dist. Six v. City of Baton Rouge Dep’t of Public Works, 03-1205, p. 3 (La.App. 1 Cir. 12/31/03), 868 So.2d 770, 772).
In the instant case, the City decided not to award MST the contract because of MST’s prolonged failure to comply with the City’s requests to produce the ISA certification. The City is vested with the power and “wide discretion” to determine the responsibility of a bidder in awarding a public bid. See Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Auth., 04-0211, 04-0212 (La.3/18/04), 867 So.2d 651; A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans, 10-1755 (La.App. 4 Cir. 8/24/11), 72 So.3d 454; J.W. Rombach v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), *200 670 So.2d 1305. When reviewing such a determination, the court should not substitute its [¿judgment for the good faith judgment of the City. Id. Rather, the duty of the court is to determine whether the City acted in a fair and legal manner and not arbitrarily in disqualifying a bidder as non-responsible. Id.
There is no evidence in the record that the City’s decision to reject MST’s bid was arbitrary, unfair, or contrary to the law. In fact, the record shows that the City complied with the Louisiana Public Bid Law in all respects. The City gave MST numerous opportunities over a six week ■period (July 24 to September 4, 2014) to comply with its request to provide the ISA certification. Then, the City provided MST with a hearing once MST was found non-responsible by the trial court. At this hearing, the two parties presented their arguments to the hearing officer, who ruled in the City’s favor. The trial court had no basis to overturn that decision. It was not within the trial court’s purview at that point to substitute its judgment for the good faith judgment of the City. The court’s only inquiry should have been whether the City acted in a fair and legal manner. In keeping with the provisions of the Louisiana Public Bid Law, the City acted in a fair and legal manner. As such, the mandamus was improper.
CONCLUSION
For the above and foregoing reasons, the’ judgment of the trial court, which granted a preliminary injunction in favor of MST and the issuance of a mandamus ordering the City to award the contract to MST, is reversed. The preliminary' injunction and mandamus are both dissolved.
REVERSED AND RENDERED
DYSART, J., concurs.

. ISA stands for International Society of Ar-boriculture.

. On August 1, 2014, the 2014-amendments to Louisiana Public Bid Law, La. R.S. 38:2211 ef seq., took effect. See Act 2014, No. 759, pp. 19-20. As of that date, when a public entity proposes to reject a bidder as non-responsible, the mandatory administrative "responsibility" hearing must now be provided within five (5) business days of the notice of disqualification of that bidder. La. R.S. 38:2212(X).