CALLOWAY, J.
12This is the fifth appeal in this employment dispute between the plaintiff-appellant, Anthony W. Douglas, and the defendant-appellee, the City of Baton Rouge/Parish of East Baton Rouge (“City/Parish”). The complete history is set forth in the following opinions:
City of Baton Rouge v. Douglas (Douglas I), 2000-1736 (La.App. 1 Cir. 9/28/01), 800 So.2d 448 (unpublished), unit denied, 2001-2806 (La. 11/9/01), 801 So.2d 1066, overruled by City of Baton Rouge v. Douglas (Douglas II), 2004-1448 (La.App. 1 Cir. 12/29/05), 923 So.2d 166 (en banc), writ denied, 2006-0675 (La. 6/2/06), 929 So.2d 1254, enforcement denied, 2006-0675 (La. 11/4/11), 75 So.3d 912, writs denied, 2011-0328 (La. 4/1/11), 60 So.3d 1255, 2006-0675 (La. 12/16/11), 76 So.3d 1189;
City of Baton Rouge v. Douglas (Douglas III), 2007-1153 (La.App. 1 Cir. 2/8/08), 984 So.2d 746, 747, writ denied, 2008-0939 (La. 6/20/08), 983 So.2d 1284; and
City of Baton Rouge v. Douglas (Douglas IV), 2011-2061 (La.App. 1 Cir. 6/8/12), 2012 WL 2061419 (unpublished), writ denied, 2012-1575 (La. 10/12/12), 98 So.3d 875.
To summarize, this litigation began with Mr. Douglas’s disputed termination of employment with the City/Parish in 1999. After two appeals, Mr. Douglas was reinstated to his employment. In connection with Mr, Douglas’s reinstatement to employment, he underwent a routine physical examination and drug/alcohol screening in January 2007. Following the results of tjie drug screening, the City/Parish again sought to terminate Mr. Douglas’s employment, and Mr. Douglas once again disputed the termination. The parties and their attorneys engaged in a settlement conference with the trial court, after which a settlement agreement was entered on the record in open court. It was made clear that the settlement agreement was intended to end all litigation between the parties. After the City/Parish made the necessary arrangements to have the settlement approved by the Baton Rouge Metro Council and to obtain the settlement funds, Mr. Douglas changed his mind and attempted to refuse to accept the terms of the settlement. In Douglas III, this court determined that the parties had entered into a valid compromise agreement and affirmed the April 30, 2007 judgment of the trial court that granted the City/Parish’s motion to enforce the settlement agreement, and ordered Mr. Douglas to execute all of the documents and take all actions necessary to consummate the settlement agreement. The record reflects that Mr. Douglas executed the documents and acknowledged money payments under the terms of the settlement agreement.
After the Louisiana Supreme Court denied writs in Douglas III, Mr. Douglas filed a petition in the trial court seeking to recognize the absolute nullity of the April 30, 2007 |.judgment of the *161 trial court and the settlement agreement that Mr. Douglas executed pursuant to the April 30, 2007 judgment. Mr. Douglas set forth numerous bases for recognizing the nullity of the April 80, 2007 judgment, this court’s decision in Douglas III, as well as the settlement agreement that he executed pursuant to the April 30, 2007 judgment, with the central argument being that the prior judgment ordering him reinstated to employment could not be set aside.
Douglas IV, 2011-2061, 2012 WL 2061419, at *1.
In Douglas IV, this court concluded that Mr. Douglas was attempting to relitigate the validity of the compromise agreement and the April 30, 2007 judgment ordering him to consummate the settlement agreement. This court noted that these arguments had been considered and rejected in Douglas III and then affirmed the trial court’s judgment. Douglas IV, 2011-2061, 2012 WL 2061419, at *2.
According to the City/Parish, after the Louisiana Supreme Court denied writs in Douglas IV, Mr. Douglas filed pleadings in the United States District Court for the Middle District of Louisiana in February 2013, asserting age and employment discrimination, as well as violations of the Fourteenth Amendment’s guarantee of equal protection and due process of law. The City/Parish successfully filed a Rule 12(b) motion, the federal district court dismissed all matters. ■
In January 2015, Mr. Douglas filed a petition for a writ of mandamus in the Nineteenth Judicial District Court seeking to be immediately reinstated to his former employment with the City/Parish Department.of Public Works and awarded full back pay and monetary damages.- The City/Parish filed peremptory exceptions pleading res judicata and no cause of action on March 9,2015, which the trial court set for hearing on June 8, 2015; however, our review of the record shows the trial court did not hear or issue an oral'or written ruling on these exceptions.[2]
Following a hearing on Mr. Douglas’s petition for a writ of mandamus, held on March 16, 2015, the trial court signed a ruling denying Mr. Douglas’s petition on March 18, 2015, and signed a judgment in accordance therewith on April 2, 2015. Thereafter, |4Mr. Douglas filed a motion requesting the trial court give written reasons for its ruling. The trial court issued written reasons for its judgment on Juné 3, 2015. Mr. Douglas then filed a motion for recusal, requesting that the trial court recuse itself from his case for alleged violations of the Code of Judicial 'Conduct, Rules of Professional Conduct, and La. C.C.P. articles 151 and 154. The trial court denied that motion, without a hearing, on June 22, 2015.
Thereafter, Mr. Douglas filed a motion for new trial regarding the trial court’s denial of his petition for a writ of .mandamus in the judgment signed April 2, 2015; the City/Parish opposed the motion -for new trial. The trial court denied Mr. Douglas’s motion for new trial in a judgment signed September 21, 2015. Mr.: Douglas filed notice of his intent to apply for-supervisory writs with this court’ regarding the September 21, 2015 judgmeht denying his motion for new trial and the June 22,2015 judgment denying his motion for recusal; however, our records indicate that -Mr. *162 Douglas never filed a writ application with this court.
Mr. Douglas filed a devolutive appeal of the September 21, 2015 judgment denying his motion for new trial.[3] Mr. Douglas assigns error to the trial court’s refusal to grant his motion for recusal. Mr. Douglas also argues that the trial court erred by allowing the City/Parish to “commit fraud by filing and maintaining false public records and making false statements to the court[.j”
I JURISDICTION
Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. Our appellate jurisdiction extends to “final judgments,” which are those that determine the merits in whole or in part. La. C.C.P. arts. 1841 and 2083; see Van ex rel. White v. Davis, 2000-0206 (La. App. 1 Cir. 2/16/01), 808 So.2d 478, 483.
Mr. Douglas appealed only the judgment rendered on September 21, 2015, which was the judgment denying his motion for a new trial. The established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment.[4] McKee v. Wal-Mart Stores, Inc., 2006-1672 (La.App. 1 Cir. 6/8/07), 964 So.2d 1008, 1013, writ denied, 2007-1655 (La. 10/26/07), 966 So.2d 583. However, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant’s brief that he intended to appeal the merits of the case. Carpenter v. Hannan, 2001-0467 (La.App. 1 Cir. 3/28/02), 818 So.2d 226, 228-29, writ denied, 2002-1707 (La. 10/25/02), 827 So.2d 1153. Furthermore, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. Landry v. Leonard J. Chabert Medical Center, 2002-1559 (La.App. 1 Cir. 5/14/03), 858 So.2d 454, 461 n.4, writs denied, 2003- *163 1748, 20031752 (La. 10/17/03), 855 So.2d 761. Thus, the interlocutory denial of a motion for new trial is subject to review on appeal in connection with the review of an appealable judgment in the same case.[5] Moran v. G & G Construction, 2003-2447 (La.App. 1 Cir. 10/29/04), 897 So.2d 75, 83 n.4, writ denied, 2004-2901 (La. 2/25/05), 894 So.2d 1148.
It is obvious from Mr. Douglas’s brief that he intended to appeal the judgment on the merits—the April 2, 2015 judgment that denied his petition for a writ of mandamus. The denial of a request for a writ of mandamus is an appealable judgment. Constr. Diva, L.L.C. v. New Orleans Aviation Bd., 2016-0566 (La.App. 4 Cir. 12/14/16), 206 So.3d 1029, 1032, writ denied, 2017-0083 (La. 2/24/17), 216 So.3d 59, 2017 WL 944282; ANB Pipeline Co. v. Louisiana Tax Comm’n, 2001-2594 (La. App. 1 Cir. 3/20/02), 815 So.2d 178, 186 n.5, writ granted, 2002-1479 (La. 3/21/03), 840 So.2d 527, aff'd and remanded, 2002-1479 (La. 7/2/03), 851 So.2d 1145; Authement v. Larpenter, 97-1985 (La.App. 1 Cir. 5/15/98), 713 So.2d 718, 719 n.3, writ denied, 98-1584 (La. 9/18/98), 724 So.2d 771; See, e.g., In re Belle Co., L.L.C., 2006-1077 (La.App. 1 Cir. 12/28/07), 978 So.2d 977, writs denied, 2008-0220, 2008-0229 (La. 3/24/08), 977 So.2d 957, 958 and Fire Prot. Dist. Six v. City of Baton Rouge Dep’t of Pub. Works, 2003-1205 (La.App. 1 Cir. 12/31/03), 868 So.2d 770, writ denied, 2004-0299 (La. 4/8/04), 870 So.2d 270. Thus, we will treat the appeal accordingly. See State ex rel. Div. of Admin., Office of Risk Management v. National Union Fire Ins. Co. of Louisiana, 2013-0375 (La.App. 1 Cir. 1/8/14), 146 So.3d 556, 561 n.8.
DISCUSSION
The trial court may issue a writ of mandamus “directed to a public officer to compel the performance of a ministerial duty required by law[.]” La. C.C.P. art. 3863. In reviewing Mr. Douglas’s claims, we start with the premise that mandamus is an extraordinary remedy which must be used by courts sparingly only to compel action that is clearly provided by law, but only where it is the only available remedy or where delay occasioned by the use of any other remedy would cause an injustice. See La. C.C.P. art. 3862; Allen v. St. Tammany Par. Police Jury, 96-0938 (La. App. 1 Cir. 2/14/97), 690 So.2d 150, 153, writ denied, 97-0599 (La. 4/18/97), 692 So.2d 455. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. The remedy |7is not available to command the performance of an act which contains any element of discretion, however slight. Allen, 690 So.2d at 153.
Although the granting of a writ of mandamus is considered improper when the act sought to be commanded contains any element of discretion, it has, nevertheless/been allowed in cases to correct an arbitrary and capricious abuse of discretion by public boards or officials. Generally, the action of a governmental body is arbitrary, capricious, and unreasonable if it bears no relation to the health, safety, or general welfare of the public; the violation of a specific city ordinance, rule, or regulation that prohibits such action can constitute an abuse of discretion. Fire Prot. Dist. Six, 868 So.2d at 772-73.
We review the trial court’s decision to deny a request for a writ of mandamus under the abuse of discretion stan *164 dard.[6] Constr. Diva, L.L.C., 206 So.3d at 1037. An appellate court will grant a writ ,of mandamus only when there is a usurpation ,of. judicial power or clear abuse of discretion. Constr. Diva, L.L.C., 206 So.3d at 1037. We too, like the trial court, find that the action Mr. Douglas seeks to compel is a discretionary function—not a ministerial duty. Our review of the petition for mandamus, as well of the transcript of the hearing held on March 16, 2015, shows that Mr. Douglas failed to point to any evidence to indicate that his immediate reinstatement to his former employment with the City/Parish Department of Public Works and an award of full back pay and monetary damages leaves no element of discretion to the City/Parish. To reinstate Mr. Douglas to his former employment is not a purely ministerial duty, without an exercise of discretion. The City/Parish would be required to evaluate evidence and exercise discretion in deciding whether to reinstate Mr. Douglas to his former employment and award him back pay. Therefore, because the City/Parish’s decision contains an element of discretion, Mr. Douglas is not entitled to a writ of mandamus. Furthermore, the trial court’s refusal to reinstate' 'Mr. Douglas to his former employment and award him full back pay and monetary damages was not an arbitrary and ’capricious abuse of discretion. | fjWe find no error in the trial court’s judgment, and we affirm the trial court’s refusal to issue the writ of mandamus.
MOTION FOR CONTEMPT OF COURT, REMAND, ■ AND VACATE
Mr. Douglas filed a motion for contempt of court, remand, and vacate with this court on July 11, 2016. Mr. Douglas filed a second motion for contempt of court and to strike and vacate on September 9, 2016. This court denied the September-filed motion on October 31, 2016. This court referred the July-filed motion to this panel, which we now address. In his motion, Mr. Douglas requests that this court hold the City/Parish and its attorney in contempt of court and remove the trial court judge, Judge Donald R. Johnson, from the case.
Mr. Douglas argues the City/Parish has engaged in patterns of constructive contempt by making fraudulent and untrue statements in pleadings, briefs, and in open court regarding the termination of his employment, his notice of termination, and his opportunity to be heard. Specifically, on April 28, 2010, Mr, Douglas filed a motion to strike the City/Parish’s memorandum in opposition to his motion to change venue on the grounds the City/Parish fraudulently and untruthfully claimed that he was given notice and an opportunity to be heard before the City/Parish Personnel Board following the termination of his employment. The trial court granted his motion to strike on April 30, 2010. Mr. Douglas argues the City/Parish has willfully disobeyed the April 30, 2010 “constructive contempt” order of the trial court.
Mr. Douglas also argues the City/Parish engaged in direct contempt of court when the City/Parish attorney allegedly admitted at the March 16, 2015 hearing on his petition for mandamus that the April 30, 2007 judgment (wherein the trial court granted the City/Parish’s motion to en *165 force the settlement agreement, ordering Mr. Douglas to execute all of the documents and take all actions necessary to consummate the settlement agreement, which was at issue in Douglas III and Douglas TV) “was in fact a new disciplinary action and plaintiff was not afforded a notice and an opportunity to be heard before the City/Parish Personnel Board.” Furthermore, Mr. Douglas argues that the transcript of the March 16, 2015 hearing on his petition for mandamus that is in the | ^appellate record has been altered to change statements made by the City/Parish ‘attorney to say that the City/Parish afforded Mr. Douglas notice and an opportunity to be heard before the Personnel Board regarding his termination. Mr. Douglas argues that the City/Parish attorney admitted at the hearing that the April 30, 2007 judgment was a new disciplinary action and Mr. Douglas was not afforded notice and opportunity to be heard, and that if the transcript was altered, 'that constitutes direct contempt of court; we note, however, Mr. Douglas does not state who he believes allegedly altered the public record.
Ultimately, Mr. .Douglas requests that this court: strike the March 16, 2015 transcript of the hearing on his petition for mandamus from the court’s records and remand his own appeal to the trial court; strike and vacate “every judgment, order and ruling, that has been in favor of [the City/Parish] from April 30, 2007” to present; reinstate his employment with the City/Parish (the subject of his appeal); order the City/Parish to pay all court costs and the cost of this appeal for making “intentional, [knowing,] purposeful, and without justifiable excuse, [... ] false statements] and misrepresentations] of-material fact... ”; and, remove trial judge Donald R. Johnson from the case for “going along with the actions” of the City/Parish, or set the motion for recusal (denied on June 22, 2016) for hearing.
The Louisiana Code of Civil Procedure defines contempt of court as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” La. C.C.P. art. 221; Dauphine v. Carencro High Sch., 2002-2005 (La. 4/21/03), 843 So.2d 1096, 1107. Contempt is either direct or constructive. La. C.C.P. art. 221.
“A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowletjge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record.” La. C.C.P. art. 222. “A person who has committed a direct contempt of court may be found guilty and punished therefor by the court forthwith, without any trial other than affording him an opportunity to be heard orally by way of defense or mitigation.” La. C.C.P. art. 223.
1 m“A constructive contempt of .court is any contempt other than a direct one.” La. C.C.P. art. 224. “Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly.” La. C.C.P. art. 225(A).
A trial court is vested with great discretion in determining whether a party should be held in contempt; and its decision will only be reversed when the appellate court discerns an abuse of that discretion. While it.is true that the trial court’s ultimate decision to hold a party or attorney in contempt of court is subject to review under the abuse of discretion standard, the trial court’s predicate factual de *166 terminations are reviewed under the manifest error standard in the ease of a civil contempt, and under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the case of a criminal contempt. Rogers v. Dickens, 2006-0898 (La.App. 1 Cir. 2/9/07), 959 So.2d 940, 945.
Furthermore, inasmuch as Mr. Douglas seeks redress from this court for the City/Parish’s alleged contempt of court, we note that courts of appeal may punish a person adjudged guilty of a contempt of court pursuant to the authority granted to us by La. Const, art. V, § 2, La. C.C.P. art. 225(A), and La. R.S. 13:4611(1). The punishment for contempt of court is provided in La. R.S. 13:4611(1) and includes fines and imprisonment. La. C.C.P. art. 227.
As to Mr. Douglas’s claim that the City/Parish has willfully disobeyed the April 30, 2010 “constructive contempt” order of the trial court, we note that the April 30, 2010 order solely granted his motion to strike a memorandum in opposition filed by the City /Parish in response to his motion to change venue. The April 30, 2010 order contained no other orders, instructions, or rulings. Mr. Douglas has provided no evidence that the Clerk of Court did not comply with the motion to strike and remove the City/Parish’s memorandum in opposition from the public record. See La. C.C.P. art. 251. Furthermore, the trial court denied his motion to change venue on May 24, 2010. Mr. | n Douglas did not seek review of that decision. There is no merit to the argument that the City/Parish has somehow willfully disobeyed the April 30, 2010 order granting Mr. Douglas’s motion to strike a memorandum from the court record, especially considering the fact that the order was in no way whatsoever directed to the City/Parish.
Furthermore, there is no evidence that the City/Parish admitted at the March 16, 2015 hearing on his petition for mandamus that the April 30, 2007 judgment was a new disciplinary action and that Mr. Douglas was not afforded a notice and an opportunity to be heard before the City/Parish Personnel Board. Mr. Douglas has provided no evidence that the transcript of the March 16, 2015 hearing has been tampered with in any way. It appears that Mr. Douglas is again attempting to relitigate the validity of the settlement agreement and the April 30,2007 judgment by arguing the City/Parish, as well as the judge, engaged in contempt of court. In Douglas III and IV, this court affirmed the validity of the settlement agreement and the April 30, 2007 judgment ordering Mr. Douglas to consummate the settlement agreement. Those rulings are now the law of the case, and we will not revisit them. See State ex rel. Div. of Admin., Office of Risk Mgmt. v. Nat’l Union Fire Ins. Co. of Louisiana, 2013-0375 (La.App. 1 Cir. 1/8/14), 146 So.3d 556, 562-63. Thus, we find no merit to Mr. Douglas’s claims that the City/Parish should be held in contempt of court.
As to Mr. Douglas’s claim that the trial judge should be removed from this case, we note that a judge is presumed to be impartial. Slaughter v. Bd. of Sup’rs of S. Univ. & Agr. & Mech Coll., 2010-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 471, writ denied, 2011-2112 (La. 1/13/12), 77 So.3d 970. The grounds and procedures for recusing a judge enumerated in La. C.C.P. arts. 151-161 are exclusive and do not include a “substantial appearance of the possibility of bias” or even a “mere appearance of impropriety” as causes for removing a judge from presiding over a given action. Article 151 requires a finding of actual bias or prejudice, which must be of a substantial nature and based on more than conclusory allegation. Slaughter, 76 So.3d at 471. Mr. Douglas does not provide *167 any evidence that the trial judge in this matter was actually biased or prejudiced against him. Furthermore, the trial court denied his motion to recuse on June |1⅞22, 2015. Mr. Douglas did not seek review of that decision. There is no merit to his arguments.
Based on the foregoing, the motion for contempt of court, remand, and vacate filed by Mr. Douglas on July 11, 2016, is hereby denied.
DECREE
The motion for contempt of court, remand, and vacate filed by Mr. Douglas on July 11, 2016 is denied. The April 2, 2015 judgment denying Mr. Douglas’s petition for mandamus is affirmed. The September 21, 2015 judgment denying Mr. Douglas’s motion for new trial is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Anthony W. Douglas.
MOTION DENIED; JUDGMENTS AFFIRMED.
McDonald, and Pettigrew, JJ., concurs.

. Our review of the record shows the trial court did not hear or issue an oral or written ruling on these exceptions. A court of appeal is a “court of record" and must limit its review to evidence in the record before it and render its judgment upon, the record on appeal. See La. C.C.P. art. 2164; Denoux v. Vessel Mgmt. Servs., Inc., 2007-2143 (La. 5/21/08), 983 So.2d 84, 88.

. While his appeal was pending, on January 19, 2016, Mr. Douglas filed a petition to annul the judgment of April 30, 2007 (wherein the trial court granted the City/Parish’s motion to enforce the settlement agreement, ordering Mr. Douglas to execute all of the documents and take all actions necessary to consummate the settlement agreement, which was at issue in Douglas III and Douglas IV). Mr. Douglas also filed a supplemental and amending petition to annul judgment on March 14, 2016. The trial court did not issue a rule to show cause on either petition, noting that it no longer had jurisdiction due to the pending appeal. See La. C.C.P. art. 2088.
Mr. Douglas then filed a motion for preliminary default after the City/Parish failed to answer his petitions. The trial court entered a judgment of default against the City/Parish on April 15, 2016. However, the City/Parish had filed a peremptory exception pleading res ju-dicata to Mr. Douglas's petitions on April 14, 2016. Thereafter, the trial court set aside its judgment granting the preliminary default. The trial court did not set the City/Parish’s exception for hearing; our review of the record shows that the trial court did not hear or issue an oral or written ruling on the City/Parish's peremptory exception pleading res judicata that was filed on April 14, 2016.

. By 2005 La. Acts No. 205, effective January 1, 2006, La. C.C.P. art. 2083 was amended to remove the longstanding provision that interlocutory judgments that “may cause irreparable harm” are appealable. An interlocutory judgment is now appealable only when expressly provided by law. La. C.C.P. art. 2083(C). Accordingly, the denial of a new trial is not generally appealable. McKee, 964 So.2d at 1013 n.8.

. The standard of review of a denial of a motion for new trial, whether on peremptory or discretionary grounds, is that of abuse of discretion. Rao v. Rao, 2005-0059 (La.App. 1 Cir. 11/4/05), 927 So.2d 356, 361, writ denied, 2005-2453 (La. 3/24/06), 925 So.2d 1232.

. Because the judgment in this case does not turn upon a factual finding, we conclude that the abuse of discretion standard is the appro-i priate benchmark by which to review the judgment in this case. See Constr, Diva, L.L.C., 206 So.3d at 1037 n.6. Findings of fact regarding whether to issue a writ of mandamus are subject to the manifest error standard of review. Hess v. M & C Ins., Inc., 2014-962 (La.App. 3 Cir. 2/11/15), 157 So.3d 1200, 1203.