STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0250

BESSIE TILLMAN

VERSUS

NATIONWIDE MUTUAL INS. CO., ET AL

Judgment Rendered: _____FEB 2 2 2021_____

Appealed from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket Number 173275, Division "A"

Honorable George J. Larke, Jr., Judge Presiding

*************

| | |
|---|---|
| Timothy J. Martinez<br>Dennis A. Pennington<br>Matthew Lofaso<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant,<br>Bessie Tillman |
| Kentley R. Fairchild<br>Houma, LA | Counsel for Defendant/Appellee,<br>Terrebonne Parish Consolidated<br>Government |
| Michael J. Redmondet, Jr.<br>Michael J. Guidry<br>Lafayette, LA | Counsel for Defendant/Appellee,<br>Nationwide Mutual Insurance Company<br>and Patricia Green |

*************

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by plaintiff, Bessie Tillman, from a judgment of the trial court granting defendant Terrebonne Parish Consolidated Government's motion for summary judgment and dismissing her claims against the Terrebonne Parish Consolidated Government  For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On October 28, 2014, plaintiff, Bessie Tillman, filed suit to recover damages against Nationwide Mutual Insurance Company (Nationwide), Patricia Green, and the Terrebonne Parish Consolidated Government (TPCG) averring that on October 26, 2013, she was an invited guest of Ms. Green at the Houma Municipal Auditorium (HMA),[1] for a birthday party, when she slipped and fell on a foreign substance on the floor inside the facility, which resulted in "serious bodily injury."[2] Specifically as it relates to TPCG, the petition alleged that TPCG acted negligently and should have "reasonably inspected the premises" to prevent any unreasonably dangerous conditions from developing, namely the foreign substance that caused Ms. Tillman to slip and injure herself.  Additionally, Ms. Tillman asserted that TPCG failed to warn her of an unreasonably dangerous condition or take adequate protective measures because the unreasonably dangerous condition was allowed to exist for a substantial period of time.

After answering the petition, TPCG filed its first motion for summary judgment, arguing that Ms. Tillman would not be able to prove TPCG's liability because she could not demonstrate it had actual or constructive knowledge of the

---

[1] Although the petition stated that the party was held at the Dumas Auditorium, it was actually held at the Houma Municipal Auditorium.

[2] Tillman's claims against Nationwide and Ms. Green were previously dismissed by summary judgment on July 22, 2016. TPCG also filed cross-claims against Nationwide and Ms. Green; those claims were also dismissed by summary judgment on February 28, 2018. Accordingly, TPCG is the only remaining defendant in this matter.

2

vice or defect. The trial court denied the motion for summary judgment. TPCG then filed a second motion for summary judgment, arguing that the HMA is a premises within the meaning of the Recreational Use Statutes (RUS), LSA-R.S. 9:2791 and 9:2795; thus, TPCG was entitled to immunity. The trial court also denied this motion based on a finding that there was a genuine issue of material fact as to whether the HMA was primarily used for commercial recreational use and excluded from immunity under the RUS. TPCG sought a supervisory writ with this Court, which was denied.[3]

Prior to this court's writ decision, TPCG filed a third motion for summary judgment, the motion at issue in this case, on November 2, 2018. Through this motion, TPCG primarily made the same arguments concerning the RUS; however, based on the trial court's findings in its second motion for summary judgment, TPCG also argued that the HMA was not a commercial enterprise within the meaning of the RUS because TPCG did not intend to derive a profit from the facility. Based on this argument, the trial court granted the motion for summary judgment in favor of TPCG and dismissed all of Ms. Tillman's claims against TPCG by judgment signed on June 17, 2019. Ms. Tillman thereafter timely filed a motion for new trial arguing that the verdict was contrary to applicable law, which the trial court denied on September 30, 2019.

Ms. Tillman now appeals,[4] contending that the trial court "committed reversible legal error" by granting TPCG's motion for summary judgment under

---

[3] Tillman v. Nationwide Mutual Ins. Co., 2018-1659 (La. App. 1st Cir. 12/26/18), 2018 WL 6818919 (unpublished writ action).

[4] Ms. Tillman only appealed from the September 30, 2019 judgment, which was the judgment denying her motion for new trial. The established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment. McKee v. Wal–Mart Stores, Inc., 2006-1672 (La. App. 1st Cir. 6/8/07), 964 So. 2d 1008, 1013, writ denied, 2007-1655 (La. 10/26/07), 966 So. 2d 583. However, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that she intended to appeal the merits of the case. Carpenter v. Hannan, 2001-0467 (La. App. 1st Cir. 3/28/02), 818 So. 2d 226, 228–29, writ denied, 2002-1707 (La. 10/25/02), 827 So. 2d 1153.

3

the RUS, when the injury occurred during a party held entirely indoors.

## DISCUSSION

*Summary Judgment*

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art 966(A)(2). After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Northshore Regional Medical Center, Inc., 2014-0628, (La. App. 1st Cir. 1/26/15), 170 So. 3d 173, 176.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So. 2d 764, 765 *(per curiam)*; Penn v. CarePoint Partners of Louisiana, L.L.C., 2014-1621 (La. App. 1st Cir. 7/30/15), 181 So. 3d 26, 30. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. Hines, 876 So. 2d at 765-66. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under

---

Furthermore, the interlocutory denial of a motion for new trial is subject to review on appeal in connection with the review of an appealable judgment in the same case. City of Baton Rouge v. Douglas, 2016-0655 (La. App. 1st Cir. 4/12/17), 218 So. 3d 158, 162-63. It is obvious from Ms. Tillman's brief that she intended to appeal the judgment on the merits, namely the June 17, 2019 judgment granting TPCG's motion for summary judgment. Accordingly, we will review the merits of the motion for summary judgment.

the applicable theory of recovery. Collins v. Franciscan Missionaries of Our Lady Health Sys., Inc., 2019-0577 (La. App. 1st Cir. 2/21/20), 298 So. 3d 191, 195, writ denied, 2020-00480 (La. 6/22/20), 297 So. 3d 773. Simply put, a "material" fact is one that would matter at a trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Collins, 298 So. 3d at 195.

The burden of proof rests with the mover. LSA-C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1). In deciding a summary judgment motion, it must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. Savannah v. Smithy's Supply/Big 4 Trucking, 2018-1033 (La. App. 1st Cir. 5/31/19), 280 So. 3d 615, 619, writ denied, 2019-01286 (La. 10/21/19), 280 So. 3d 1168.

*RUS, LSA-R.S. 9:2791 and 9:2795*

Owners and operators of property that is used for recreational purposes are entitled to immunity from tortious liability pursuant to LSA-R.S. 9:2791 and 9:2795. These statutes relate to the same subject matter and are to be read together. Keelen v. State, Dept. of Culture, Recreation and Tourism, 463 So. 2d 1287, 1289 (La. 1985). Louisiana Revised Statutes 9:2791 and 9:2795 were originally enacted as Act 248 of 1964 and Act 615 of 1975. The legislature passed

5

these two remarkably similar statutes designed to encourage landowners to open their lands, on a basically nonprofit basis for recreation. Richard v. Hall, 2003-1488 (La. 4/23/04), 874 So. 2d 131, 147-48.

This court analyzed these two statutes in Fournerat v. Farm Bureau Ins. Co., 2011-1344 (La. App. 1st Cir. 9/21/12), 104 So. 3d 76, 81, writ denied, 2012-2148 (La. 11/21/12), 102 So. 3d 59, and determined that if there is a conflict between the statutes, the later enacted one, LSA-R.S. 9:2795, controls. This court also noted that the RUS is in derogation of common or natural rights and, therefore, are to be strictly interpreted, and must not be extended beyond their obvious meaning. Fournerat, 104 So. 3d at 81, citing Monteville v. Terrebonne Parish Consol. Government, 567 So. 2d 1097, 1100 (La. 1990). However, the enactment of LSA-R.S. 9:2795, a second more expansive immunity statute, evidences an intent on the Legislature's part that these statutes are to grant a broad immunity from liability. Fournerat, 104 So. 3d at 81, citing Richard, 874 So. 2d at 151.

Louisiana Revised Statute 9:2791 provides immunity to an owner, lessee, or occupant of "premises," which is defined as "including lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon," for injuries to persons using the premises for "hunting, fishing, camping, hiking, sightseeing, or boating." Louisiana Revised Statute 9:2795 provides immunity to an "owner" of "land" being used for "recreational purposes" against liability for injury to persons caused by a defect in the land, whether naturally occurring or manmade. An "owner" is defined as the "possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." LSA-R.S. 9:2795(A)(2). "Land" is defined, in pertinent part, as "urban or rural land...private ways or buildings, structures... when attached to the realty." LSA-R.S. 9:2795(A)(1). "Recreational purposes" is defined as including, but not limited to:

6

any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.

LSA-R.S. 9:2795(A)(3).

In support of its motion for summary judgment, TPCG offered the affidavit of Anne Picou, TPCG's Main Street Manager; excerpts from Ms. Tillman's deposition; the affidavit of Dale LeBlanc, the custodian working at the HMA during the party; and the affidavit of Christopher Pulaski, TPCG's Director of Planning and Zoning.[5] Through the motion, TPCG contends that the HMA is a "public building open for public use on public lands where the general public for a fee may utilize an indoor facility for a variety of fundraising, recreational, and entertainment functions."

TPCG contends that the RUS provides a limitation of liability for landowners when their property is used for recreational purposes and, although there is an exception for commercial recreational enterprises, TPCG relies on the Pulaski affidavit to maintain that it is not a commercial recreational enterprise. In his affidavit, Pulaski stated that he oversaw the use of both the Dumas Auditorium and the HMA, that TPCG makes both auditoriums available for use by the general public to "offer a more affordable option for event venues," and that during the 2013 fiscal year, both auditoriums operated at a fiscal shortage of $185,663.00. TPCG avers that the RUS "clearly" provides that an owner may charge a fee for

---

[5] To the extent that both parties attempted to "adopt by reference the entire prior record in this matter and offer, file, and introduce, by reference the entire record" into evidence during the hearing on the motion for summary judgment, we note that only documents actually filed in support of or in opposition to the motion for summary judgment may be considered by the trial court on a motion for summary judgment and parties are not permitted to introduce summary judgment evidence at the hearing. See LSA-C.C.P. art. 966(A)(4) and (D)(2). See Also Huggins v. Amtrust Insurance Company of Kansas, Inc., 2020-0516 (La. App. 1st Cir. 12/30/20), ___ So. 3d. ___, ___, 2020 WL 7770998, p. 3, n. 1. Accordingly, on our review, we only considered the evidence that was attached in support of or in opposition to the motion.

the right to use his land and still not incur liability and that an intention to derive a profit is an "essential ingredient" in commercial activity.

Relying on the Picou affidavit, TPCG further contends that it is entitled to immunity because the HMA is a public building that sits "adjacent to" Shady Oaks Park, an "open space public outdoors park with a variety of playground equipment." Finally, TPCG asserts that the HMA "is 'land' within the meaning of the [RUS] and is subject to the limitation of liability afforded by such statutes [and that the TPCG] owed no duty... to keep the premises safe for use or to warn of hazardous conditions."

Based on our review of the motion and the attached evidence, we conclude that the TPCG did not meet its initial burden of proving the statute is applicable to the matter at hand. As the party seeking to avail itself of the RUS, the TPCG must establish that it is entitled to immunity under the statues. Additionally, as the mover seeking summary judgment, defendant bore the burden of establishing that there were no material facts in dispute and that it was entitled to judgment in its favor as a matter of law. LSA-C.C.P. art. 966(D)(1). Thus, pretermitting whether the RUS applies, we conclude that TPCG failed to make its initial showing on the motion that the RUS applies because TPCG failed to establish how an indoor birthday party in the rented venue constituted a recreational purpose contemplated by the RUS.

In the evidence set forth by TPCG, it repeatedly stated that the HMA is a "public building open for public use on public lands where the general public for a fee may utilize an indoor facility for a variety of fundraising, recreational, and entertainment functions." Further, while we recognize that the jurisprudence interpreting the RUS acknowledges that the definition of "recreational purposes" is a nonexclusive list and that activities not specifically listed are included in the definition, nowhere in the evidence submitted on the motion does the TPCG

8

establish that this event was a "recreational purpose" as defined by LSA-R.S. 9:2795(A)(3). See Doyle v. Lonesome Development, Limited Liability Company, 2017-0787 (La. App. 1st Cir. 7/18/18), 254 So. 3d 714, 722, writ denied, 2018-1369 (La. 11/14/18), 256 So. 3d 291.

Accordingly, we find merit to Ms. Tillman's assignment of error and her claim that the district court erred in granting summary judgment.

## CONCLUSION

For the above reasons, we reverse the trial court's June 17, 2019, judgment that granted the Terrebonne Parish Consolidated Government's motion for summary judgment and remand this matter to the trial court for further proceedings. Costs of this appeal in the amount of $3,634.25 are assessed to the defendant, the Terrebonne Parish Consolidated Government.

**REVERSED AND REMANDED.**