DENNIS R. BAGNERIS, SR., Judge.
| Defendant-Appellant, the Housing Authority of New Orleans (“HANO”) appeals from a trial court judgment in favor of Appellee, Hamp’s Construction, L.L.C. (“Hamp”), granting a writ of mandamus and preliminary injunction. For the following reasons, we hereby affirm.
FACTS
On December 16, 2009, HANO issued an invitation for bids, No. 09-130-12-37, HANO SCATTERED SITES REMEDIATION AND DEMOLITION. The bids for this project were opened on February 4, 2010. The results of the bid opening showed that Hamp was the lowest economic bidder, with Young General Contractors being the second lowest economic bidder. Thereafter, on March 9, 2010, HANO issued a letter to Hamp indicating its bid had been rejected because Hamp is considered “non-responsible due to its record of improper business practices and history of non-compliance with public policy.” The letter further stated that “HANO is not required and has elected not to hold an informal hearing” due to the fact that the project was funded by the American Recovery and Reinvestment Act “ARRA” Grant and was procured in accordance with HANO’s Capital Fund Stimulus Grant Procurement Policy.
l2On March 15, 2010, Hamp filed a petition for a writ of mandamus and preliminary injunction, alleging that HANO acted arbitrarily and capriciously, and in violation of the Louisiana Public Bid Law, La. R.S. 38:2211 et seq., by rejecting it as the lowest responsive bid, on the basis that Hamp was a “non-responsible” bidder. Additionally, Hamp argues that HANO violated the Louisiana Public Bid Law because it did not afford Hamp a hearing prior to determining it a non-responsible bidder.
Following an evidentiary hearing, the trial court granted the order of mandamus and the preliminary injunction. In the reasons for judgment, the trial court found that neither of the misdemeanor pleas “rise to the level of severity, breach of trust, integrity, false filing, etc., which would act to serve as grounds for disqualification of a bidder such as Hamp’s Construction as being non-responsible.” The trial court ordered HANO, as a public body, to award the contract for this project to Hamp as the lowest economic, responsive and responsible bidder. On appeal, HANO asserts the following assignments of error: (1) the trial court erred in holding that, under state law, Hamp was entitled to a hearing with regard to the award of a contract for Demolition Work funded by ARRA; (2) the trial court erred in applying state law to HANO’s conduct in awarding an ARRA-funded contract; (3) *973 the trial court erred in holding that HANO lacked authority to take action inconsistent with the Louisiana Public Bid Law; (4) the trial court erred in applying the Louisiana Public Bid Law to an award of a Demolition Contract; (5) the trial court erred in failing to find that HANO complied with applicable federal law and requirements in determining Hamp to be non-responsible; (6) the trial court erred because it did not find that HANO was | .«¡arbitrary or capricious in determining that Hamp is not responsible; (7) the trial court erred in failing to defer to HANO’s judgment in determining Hamp to be non-responsible; and (8) the trial court erred in issuing a writ of mandamus to compel HANO to perform a discretionary act.
STANDARD OF REVIEW
To obtain a preliminary injunction, a petitioner must demonstrate that he will suffer irreparable injury, that the petitioner is entitled to the relief sought, and must make a prima facie showing that he will likely prevail on the merits of the case. Saunders v. Stafford, 2005-0205, p. 5 (La.App. 4 Cir. 1/11/06), 923 So.2d 751, 754. A “[rjeview of the granting or denial of a preliminary injunction is whether the trial court committed an error of law or made a factual finding which is manifestly erroneous or clearly wrong.” Id.
Where one or more legal errors interdict the trial court’s fact-finding process, however, the manifest error standard becomes inapplicable, and the appellate court must conduct its own de novo review of the record. South East Auto Dealers Rental Ass’n, Inc. v. EZ Rent To Own, Inc., 2007-0599, p. 5 (La.App. 4 Cir. 2/27/08), 980 So.2d 89, 93. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Id. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. Id. Because we find the trial court applied the correct principles of law, we will review the record under the “manifestly erroneous or clearly wrong” standard of review.
Further, a mandamus is an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law. Allen v. St. Tammany Parish Police Jury, 96-0938, p. 4, (La.App. 1 Cir. 2/14/97), 690 So.2d 150, 153. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. Id. The remedy is not available to command the performance of an act that contains any element of discretion, however slight. Fire Protection Dist. Six v. City of Baton Rouge Dept. of Public Works, 2003-1205, p. 3 (La.App. 1 Cir.12/31/03), 868 So.2d 770, 772. Although the granting of a writ of mandamus is considered improper when the act sought to be commanded contains any element of discretion, it has, nevertheless, been allowed in certain cases to correct an arbitrary and capricious abuse of discretion by public boards or officials. See Fire Protection Dist. Six, 2003-1205 at p. 3, 868 So.2d at 772, citing State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187, 189 (1957) (where the Louisiana Supreme Court held that mandamus will lie to correct the performance (or nonperformance) of an administrative or quasi-judicial act, such as the arbitrary refusal to grant a license).
DISCUSSION
The issue to address is whether the trial court erred in its finding that HANO acted arbitrarily in disqualifying Hamp, the lowest bidder, as not responsible. HANO argues that it is not required and has elected not to hold an informal hearing regarding HANO’s non-responsibility because the project is funded by ARRA. *974 HANO argues that pursuant to ARRA, the Secretary of HUD issued the a notice stating: “Any requirements relating to the procurement of goods and services arising under state and local laws and regulations shall not apply to Capital Fund Stimulus Grants.” Therefore, HANO argues that ARRA exempts public housing agencies from state and local laws.
Hamp argues that it is irrelevant which law applies in this situation (i.e., the Louisiana Public Law, the provision of the Federal CFR, and/or the HUD | sHandbook), because a public entity cannot waive the Constitutional safeguards of due process and fair play that are required to be honored when a public entity places a contract at large for public bids and solicits open competition for the work. Thus, Hamp alleges that HANO’s action in disqualifying it without a hearing or an opportunity to refute the charges was arbitrary whether under state or federal law. We agree.
After reviewing the applicable local, state and federal laws, we find no legal bases for dispensing with Louisiana’s Public Bid Law’s requirement that a hearing be held to afford a bidder a chance to refute allegations of irresponsibility. As the Louisiana Supreme Court stated in Haughton Elevator Division v. State, Through Division of Administration, 367 So.2d 1161, 1165 (La.1979), “the requirements of procedural due process apply to the deprivation of interests encompassed by the Fourteenth Amendment’s protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount.” The trial court correctly stated the following as to why HANO was arbitrary in denying Hamp a hearing:
Fundamental concepts of due process allow for a hearing and there’s nothing in the federal law that would preempt that state law policy of allowing bidders to have to be heard, as informal as that might be. I have an obligation to give deference to the agency, and had the agency had a hearing or given some due process or determine this or had some discussion or some discernment or something, I think I would be more inclined to given deference, but here to me this is an arbitrary move.
As further stated in the reasons for judgment: “... it is offensive to have a low, responsive bidder with a long track record of performing similar projects such as that possessed by Hamp’s Construction, L.L.C. to be simply disqualified upon the [fiSubjective and unilateral decision of a public entity, without affording that bidder the opportunity to discuss or refute the challenges against it.”
The Louisiana Public Bid Law set forth in La. R.S. 38:2211, et seq., is a “prohibitory law founded on public policy.” Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Authority, 2004-0211, p. 6 (La.3/18/04), 867 So.2d 651, 656.
La. R.S. 38:2212 provides, in pertinent part:
A. (l)(a) All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done except as provided in this Part.
(b)(i) The provisions and requirement of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any entity.
*975 [[Image here]]
J. If the public entity letting the contract proposes to disqualify any bidder, on grounds that such bidder is not a “responsible bidder” such public entity shall:
(1) Give written notice of the proposed disqualification to such bidder and include in the written notice all reasons for the proposed disqualification; and
(2) Give such bidder, who is proposed to be disqualified the opportunity to be heard at an informal hearing at which such bidder is afforded the opportunity to refute the reasons for the disqualification.
In Haughton Elevator Division, the Louisiana Supreme Court addressed the jurisprudence interpreting this statute as follows:
The Louisiana jurisprudence interpreting this statute or its predecessors has long established that a low bidder may on a contract so advertised sue to set aside |7the award of the contract to another bidder and may enjoin the agency from the execution of such contract, where the agency arbitrarily rejected the low bid. (citations omitted)
The statute, insofar as it requires advertising and the obtaining of competitive bids, is a prohibitory law founded on public policy. It was enacted in the interest of the taxpaying citizen and has for its purpose their protection against contracts of public officials entered into because of favoritism and possibly involving exorbitant and extortionate prices, (citations omitted)
The statute vests in the awarding authority the power and discretion to determine the responsibility of the bidder and to reject all bids if none is satisfactory, but the law does not permit the arbitrary selection of one which is higher and the rejection of others which are lower. The discretion must be exercised in a fair and legal manner and not arbitrarily. (citation omitted)
A comprehensive discussion of Louisiana law in this area is Housing Authority of Opelousas, La. v. Pittman Construction Co., 264 F.2d 695 (U.S.Ct.App. 5th Cir.1959). As correctly summarized by that opinion:
Louisiana follows the general rule of vesting an awarding body with discretion subject to judicial review. Courts will not substitute their judgment for the good-faith judgment of an administrative agency. Nevertheless, an awarding body’s administrative discretion must be exercised in a fair and legal manner and not arbitrarily. Consequently, the disqualification of the lowest bidder, without giving the low bidder a fair chance to disprove charges of irresponsibility, offends principles of fair play and is an arbitrary abuse of discretion inconsistent ivith the letter and the spirit of the Louisiana public contract law. (Emphasis added)
367 So.2d at 1164-65. Further, the Court in Haughton, provided the following procedural safeguards, none of which were followed by HANO, before a low bidder is disqualified as not responsible:
ls(l) An awarding authority which intends to disqualify a bidder must, prior to the award of the contract, give the bidder formal notice in writing that the authority is considering disqualifying the bidder from competing for the contract. This notice should specify the reasons for the proposed disqualification. The notification should contain specific language which puts the bidder on notice that the authority is considering disqualification, not mere questions about the bidder’s past performance on state contracts or its ability to perform in the future.
*976 (2) The bidder must be given the opportunity to respond to the charges in writing and, in all cases in which feasible, the bidder should have the opportunity to meet with officials of the awarding authority to discuss the charges against the bidder and his response thereto. This informal “hearing” does not necessarily include the right to call witnesses or cross-examine the persons who initiated the charges of irresponsibility.
(3) After this informal hearing, but before the award of the contract, the awarding authority must give the bidder formal written notice he has been disqualified from competing for the contract. This notice should list the specific reasons upon which the disqualification is based, although it may do so by reference to or incorporation of charges contained in the original notice.
(4) The “records” of this disqualification proceeding must be preserved so as to form the basis for any subsequent judicial review which might be sought by the bidder. (This post-rejection judicial review, with the retroactive relief affordable, sufficiently protects the low bidder’s private interest against arbitrary rejection of its bid in the letting of the contract to a higher bidder.)
Haughton Elevator Division, 367 So.2d at 1166.
Because Hamp was not provided a fair opportunity to rebut HANO’s finding that it was non-responsible based on two unrelated misdemeanor offenses, we hereby affirm the trial court’s judgment, which granted the writ of mandamus and ordered the contract to be awarded to Hamp as the lowest responsive and ^responsible bidder.
AFFIRMED.