TERRI F. LOVE, Judge.
[,The Humane Society of New Orleans (“Humane Society”) appeals the trial court’s denial of its writ of mandamus seeking an order compelling the City of New Orleans, through its Mayor, Mitchell J. Landrieu (“the City”) to appoint and commission individuals nominated by the Humane Society, as special police officers for the City of New Orleans pursuant to La. R.S. 8:2391. The trial court denied the Humane Society’s writ of mandamus concluding that the City’s Home Rule Charter trumped La. R.S. 8:2391. We find the Humane Society’s writ of mandamus an improper procedural mechanism, as mandamus is not available to compel performance that requires the exercise of discretion. Additionally, we find to compel the City to fully commission individuals appointed by the Humane Society as special police officers is an action not clearly provided by La. R.S. 3:2391. Therefore, we affirm the trial court’s denial of the Humane Society’s writ of mandamus.

19FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In January 2011, the Humane Society sent a letter to the City, through his Deputy Mayor of Public Safety, J.W. Sneed (“Deputy Mayor Sneed”), identifying three individuals, pursuant to La. R.S. 3:2391, it nominated for appointment and commission as special police officers for the prevention of cruelty to animals for the City of New Orleans. In March 2011, Deputy Mayor Sneed responded to the Humane Society’s letter, denying its request to issue commissions to the Humane Society. Deputy Mayor Sneed noted in his March 2011 letter:
... per the Home Rule Charter which governs the City of New Orleans, the New Orleans Police Department Superintendent has the authority to deputize persons not members of the police force. Since the City of New Orleans has elected to contract the services of the Louisiana Society for the Prevention of Cruelty to Animals for all requests related to animal control activities, they will receive special commissions at the discretion of the Superintendent. Therefore, it is deemed that it is not in the best interest of the City to also issue The Humane Society commissions since they will not be tasked with this role.
In March 2013, the Humane Society filed a petition for writ of mandamus against the City seeking an order compelling the City to appoint and commission Larry Maxwell, Bobby Casse, Jeffery Dor-son, and/or any other individuals identified by the Humane Society, as special police officers for the City of New Orleans. Subsequently, the trial court issued an alternative writ of mandamus, ordering the City to comply with the statute or appear for a hearing on a rule to show cause. The City then filed a peremptory exception of no cause of action and answer claiming mandamus is not available to compel action that requires the exercise of discretion; the lijCity as a Home Rule Charter entity is protected from unwarranted interference from the State in its internal affairs; and the New Orleans Superintendent of Police is empowered by the Home Rule Charter to deputize special police officers.
The parties did not contest the factual allegations in the petition for writ of man *1197 damus and therefore no testimony was presented. The trial court accepted the Humane Society’s three exhibits including its certified record from the Louisiana Secretary of State, the Humane Society’s January 2011 request letter, and the City’s March 2011 response letter. At the conclusion of the hearing, the trial court denied the Humane Society’s writ of mandamus finding “the Home Rule Charter trumps state law.” This appeal follows.

STANDARD OF REVIEW

Questions of law are reviewed de novo. Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582, p. 9 (La.11/29/06), 948 So.2d 1037, 1045 (quoting Louisiana Mun. Ass’n v. State, 04-0227 (La.1/19/05)), 893 So.2d 809. Additionally, this Court stated in A.M.E. Disaster Recovery Servs., Inc. v. City of New Orleans, 10-1755, p. 8 (La.App. 4 Cir. 8/24/11), 72 So.3d 454, 459:
“ ‘A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law [...]’ La. C.C.P. art. 3863. A writ of mandamus is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief.’ Hoag v. State, 040857, p. 6 (La.12/01/04), 889 So.2d 1019,1023. The remedy ‘must be used sparingly ... to compel action that is clearly provided by law.’ Hamp’s Const., L.L.C. v. Hous. Auth. of New Orleans, 10-0816, pp. 3-4 (La.App. 4 Cir. 12/01/10), 52 So.3d 970, 973, quoting Allen v. St. Tammany Parish Police Jury, 96-0938, p. 4 (La.App. 1 Cir. 2/14/97), 690 So.2d 150, 153. ‘Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised.’ Hamp’s, 100816, p. 4, 52 So.3d at 973. ‘The remedy is not available to command the performance of an act that contains any element of discretion, however slight.’ Id.”

\ MANDAMUS

The Humane Society avers that the trial court erred when it found that the City of New Orleans’ Home Rule Charter trumps La. R.S. 3:2391. This Court first addresses the writ of mandamus filed by the Humane Society. Mandamus is a remedy that is to be used sparingly to compel action that is clearly provided by law. Hamp’s, supra, 10-0816, p. 3, 52 So.3d 970, 973. Moreover, it is well-settled that mandamus is not available to compel performance that requires the exercise of discretion, “however slight.” Id., 10-0816, p. 4, 52 So.3d at 973.
The Humane Society claims that La. R.S. 3:2391 is clear and unambiguous and performance is clearly provided by the law.
La. R.S. 3:2391 states:
Whenever, in any incorporated city or town or in any parish, a corporation for the prevention of cruelty to animals shall be organized, the mayor of the city or town and the police jury of the parish, respectively, as the case may be, shall appoint and commission as special police officers such agents as the corporation for the prevention of cruelty to animals may nominate; and agents being so commissioned shall have the usual power of policemen and peace officers. No city, town, or parish shall be liable hereunder for any compensation to the special officers, and the police force of all incorporated cities and towns in the state shall aid any such corporation, its members or agents, in the enforcement in its respective locality of all laws enacted for the protection of animals.
In support, the Humane Society underscores the statutory language which states that the mayor or police jury shall appoint and commission persons nominated by the corporation for the prevention of cruelty to animals as special police officers. Further, *1198 the Humane Society contends the statute does not set any limitations or conditions on this duty, and therefore is mandatory,
| .^Although the Humane Society is correct in that the language of La. R.S. 3:2391 mandates the appointment and commission of special police officers, we disagree with the contention that La. R.S. 3:2391 clearly entitles the Humane Society such appointment. We find the City’s performance in compliance with the statute requires the exercise of discretion, namely determining who may be appointed and commissioned as special police officers.
First, the Humane Society asks this Court to find mandamus proper because pursuant to the statutory language, as a corporation organized for the purpose of the prevention of cruelty to animals, it is entitled to appointment. Under the Humane Society’s interpretation of La. R.S. 3:2391, however, any corporation organized for the prevention of cruelty to animals may seek the appointment and commission of special police officers. This interpretation of the statute would allow unregulated private entities to unilaterally designate any number of special police officers for commission without regard for the city’s needs or consideration of the necessary qualifications and training of those appointed. Despite the seemingly unambiguous language of La. R.S. 3:2391, in order for the City to comply with La. R.S. 3:2391, the City must exercise some level of discretion in its determination of which corporations and individuals are entitled to appointment as special police officers. Accordingly, La. R.S. 3:2391 does not establish a ministerial duty and mandamus is not available to compel performance. Therefore, we find the Humane Society’s writ of mandamus improper procedurally to compel the City’s compliance with La. R.S. 3:2391.
In light of this Court’s finding that mandamus is not available because to compel the City’s performance requires an element of discretion, we pretermit [(.discussion of whether the City of New Orleans’ Home Rule Charter trumps La. R.S. 3:2391.

DECREE

For the foregoing reasons, we find mandamus an improper judicial mechanism to compel the commission of individuals appointed by the Humane Society as special police officers. Therefore, we affirm the trial court’s denial of the Humane Society’s writ of mandamus.
AFFIRMED.
BELSOME, J., Concurs in the Result.