| RIVER STREET VENTURES, L.L.C. | * | NO. 2019-CA-0336 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| THE CITY OF NEW ORLEANS AND THE NEW ORLEANS CITY COUNCIL | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-07160, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Rosemary Ledet, Judge Dale N. Atkins)

Madro Bandaries
MADRO BANDARIES, P.L.C.
1127 Second Street
Post Office Box 56458
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Michael J. Laughlin
ASSISTANT CITY ATTORNEY
Shawn Lindsay
DEPUTY CITY ATTORNEY
Donesia D. Turner
SR. CHIEF DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANTS/APPELLANTS

            **REVERSED AND REMANDED**

            **SEPTEMBER 25, 2019**

This case involves the denial of a conditional use permit. From the trial court's November 14, 2019 judgment granting a writ of certiorari and ordering the City Council to hold a final vote and to adopt a proposed ordinance issuing the conditional use permit, the City of New Orleans (the "City") and the City Council (the "Council") appeal. On appeal, the City and the Council also request costs. For the reasons that follow, we reverse the trial court's judgment and remand the request for costs.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this appeal are not disputed. River Street Ventures, L.L.C. ("River Street") seeks to construct apartment buildings on three vacant properties located on the riverfront in Algiers, Louisiana (collectively, the "Properties").[1] The planned apartments, due to the location of the Properties, are subject to height and density restrictions under the City's Comprehensive Zoning Ordinance ("CZO").[2]

---

[1] The municipal addresses of the properties are 200-240 Lamarque Street, 1239 Brooklyn Avenue, and 1316 River Street.

[2] *See* CZO, Art. 15, § 15.3.A.1, Table 15-2 (providing that multi-family buildings in the Properties' zoning district are limited to a maximum height of no more than 85 feet and no more than 7 stories and have a required minimum lot area of 800 square feet per unit).

The height and density restrictions may be exceeded, but only by obtaining a conditional use permit.[3]

To obtain a conditional use permit, the property owner (or an authorized agent) generally must apply first to the City Planning Commission (the "CPC").[4] The CPC, after considering the application, will forward it with a recommendation to the Council.[5] The Council will then determine whether to adopt an ordinance authorizing issuance of the permit.[6]

Because River Street's planned apartment buildings exceed the CZO's height and density restrictions, River Street applied to the CPC for a conditional use permit. No majority of the CPC members, however, could agree as to a recommendation. Accordingly, the CPC forwarded the application to the Council with a "no legal majority" recommendation.[7]

River Street's application was presented to the Council on April 19, 2018. The same day, the Council adopted a motion of modified approval of River

---

[3] *See* CZO, Art. 15, § 15.7 (providing for "density bonuses" for qualifying commercial centers in certain mixed use districts); CZO, Art. 18, § 18.13.G.2 (providing for "density bonuses" and "height limit increases" for qualifying developments and specifying that "[r]equests for height and density bonuses pursuant to this Section shall be considered and approved through the conditional use process provided in [CZO] Section 4.3.").

[4] *See* CZO, Art. 4, § 4.3.B.2 (providing that a conditional use permit application may be initiated by "[a] property owner in the city or a person expressly authorized in writing by the owner [filing] an application for a Conditional Use for the area of land for which the Conditional Use is requested"); CZO, Art. 4, § 4.3.D.1.a (providing that "[a]n application for a conditional use shall be filed with the Executive Director of the City Planning Commission").

[5] *See* CZO, Art. 4, § 4.3.D.3.a (providing that, upon receipt of a conditional use permit application, the CPC "shall conduct a public hearing on a proposed conditional use"); CZO, §4.3.D.3.c (providing that after the public meeting, the CPC "shall recommend approval, modified approval, or denial").

[6] CZO, Art. 4, § 4.3.C (providing that the Council, "after receiving a recommendation from the [CPC], shall take formal action on requests for conditional uses, in accordance with Sections 5-406 and 5-407 of the City Charter").

[7] *See* CZO Art. 4, § 4.3.D.3(c) (providing that "[i]f the City Planning Commission fails to act by a vote of the majority of the Commission members, the application will be forwarded to the City Council without [*sic*] recommendation of no legal majority").

2

Street's application (the "Motion").[8] Accordingly, River Street's application was referred the City's Law Department for the drafting of a proposed ordinance (the "Ordinance").[9]

The Ordinance was subsequently introduced at a Council meeting on May 3, 2018.[10] After the required delay, the Ordinance was, on several occasions, placed on the Council's agenda; on each occasion, however, a vote on the Ordinance was deferred. Ultimately, the Council did not vote on the Ordinance within the statutory time period—effectively denying River Street's application.

On July 20, 2018, River Street filed in Orleans Parish Civil District Court a "Petition for Writ of Mandamus, or Alternatively, Petition for Writ of Certiorari

---

[8] *See* CZO, Art. 4, § 4.3.D.4.a (providing that the Council "shall hold a public hearing in accordance with its rules and take action by motion of approval, modified approval, or denial sixty (60) days from receipt of a [CPC] recommendation"). The motion imposed 29 modifications to the plans set forth in River Street's application.

[9] *See* CZO, Art. 4, § 4.3.D.4.c. At all times relevant to this appeal, CZO, Art. 4, § 4.3.D.4.c provided as follows:

> If the City Council takes action by motion of approval or modified approval, the City Council shall forward the motion to the City Law Department for preparation of an ordinance. Once the ordinance is introduced by the City Council, the ordinance shall lay over a minimum of twenty-one (21) days before the Council may adopt it. The City shall adopt the final ordinance ratifying its decision within ninety (90) days of the date that it took action by motion.

During the pendency of this case, the Council amended CZO, Art. 4, § 4.3.D.4.c, which now provides as follows:

> If the City Council takes action by motion of approval or modified approval, the City Council may forward the motion to the City Law Department for preparation of an ordinance. If the ordinance is then introduced by the City Council, the ordinance shall lay over for a minimum of twenty (20) days following introduction before the City Council may adopt it. The City Council's adoption of a motion shall not be construed as an approval of a zoning matter unless and until an ordinance is introduced and adopted in accordance with the Charter; introduction of an ordinance does not indicate the City Council's approval of a zoning matter. Failure by the City Council to take action on a zoning ordinance within ninety (90) days of the date the City Council took action by motion shall mean the application is denied.

[10] Four days later, on May 7, 2018, a new Council was inducted with two returning members (Jason Rogers Williams and Jared C. Brossett) and five new members (Helena Moreno; Joseph I. Giarrusso, III; Jay H. Banks; Kristin Gisleson Palmer; and Cyndi Nguyen).

and for Judicial Review of the Action Taken by the City Council in Deferring the Ordinance," naming as defendants the City and the Council. In the petition, River Street contended that the Council, having adopted the Motion, was required, under CZO, Art. 4, § 4.3.D.4(c), to adopt the Ordinance. River Street further contended that the Council's failure to adopt the Ordinance constituted a violation of a ministerial duty required by law and was, thus, arbitrary and capricious. The City and the Council opposed the petition, arguing that, notwithstanding adoption of the Motion, the Council retained legislative discretion as to the Ordinance and, thus, was not required to adopt, or even vote on, the Ordinance.

On November 14, 2018, the trial court, reasoning that "the Council by its own law was required to vote and vote affirmatively to ratify [the] Ordinance," found that "the Council acted arbitrarily and capriciously by both failing to pass the proposed ordinance and refusing to even vote on it." Accordingly, the trial court ordered the Council to "hold a final vote on [the Ordinance] [and] to adopt and ratify it within forty-five (45) days of the signing of th[e] judgment." This appeal followed.

## DISCUSSION

The dispositive issue in this appeal is whether, with respect to a conditional use application, the Council's adoption of a motion of approval, or modified approval, requires it to adopt an ordinance granting the conditional use. The City and the Council contend that this court decided that issue in *Commodore v. City of New Orleans*, 19-0127 (La. App. 4 Cir. 6/20/19), 275 So.3d 457. We agree.

In *Commodore*, as in this case, a developer applied for a conditional use permit;[11] the CPC issued a "no legal majority" recommendation; the Council adopted a motion of modified approval; the City's Law Department drafted a proposed ordinance; and the proposed ordinance was introduced at a Council meeting and denied. The developer sought review in the trial court. Finding that the Council, having adopted the motion, was required to adopt the proposed ordinance, the trial court ordered the Council to do so.

The City, the Council, and the Councilmembers, individually, appealed. This Court reversed, reasoning as follows:

> A vote to approve [a] motion does not legally bind the City Council to then affirmatively adopt an ordinance as final. Although the last sentence provides the City Council shall adopt the ordinance ratifying the decision within ninety days from the date it acted on the motion, the previous sentence provides the City Council may adopt it after a minimum of twenty-one days from when the City Council approved the motion. Reading the sentences together and in reference to each other, as the rules of interpretation provide, we conclude that the last statement of the CZO Sec. 4.3.D.4(c), sets forth a time period for which the City Council must vote on a proposed ordinance and does not obligate that the City Council to accept it. Otherwise, the second sentence of CZO Sec. 4.3.D.4(c) giving the City Council discretion in which it may or may not adopt an ordinance would be superfluous. A vote to adopt or deny a proposed ordinance thus is within the City Council's discretion, contrary to Plaintiff's assertions, and thus is not a ministerial duty in which a mandamus could be issued. Accordingly, the trial court erred in ordering the City Council to adopt and ratify the proposed ordinance, as it is vested in discretion. *See Humane Soc'y of New Orleans v. Landrieu*, 2013-1059, p. 4 (La. App. 4 Cir. 2/26/14), 135 So.3d 1195, 1197 (a mandamus is not available to compel performance that requires the exercise of discretion, "however slight").

> Additionally, as discussed above, Home Rule Charter, Sec. 3-112(9) provides that votes at final passage of an ordinance shall be taken by a vote of the Councilmembers voting for and against each proposed ordinance. Sec. 3-112(10) also states that no proposed ordinance shall be adopted except by the affirmative vote of a

---

[11] The permit at issue in *Commodore* was "to establish an ice cream parlor in a Historic Urban Two-Family Residential District . . . ." 19-0127, p. 1, 275 So.3d at 461.

majority of all members of the City Council. These provisions further demonstrate the City Council's authority to accept or deny a proposed ordinance. The Home Rule Charter does not mandate the City Council affirmatively vote in favor of an ordinance.

19-0127, pp. 14-15, 275 So.3d at 469.

River Street contends that *Commodore* is distinguishable for three reasons, none of which is persuasive. First, River Street contends that, whereas in *Commodore* the trial court issued a writ of mandamus, here the trial court issued a writ of certiorari. This court's decision in *Commodore*, however, did not depend on the nature of proceeding in the trial court. Instead, this court disposed of the case on the substantive issue presented—also presented here—whether, with respect to a conditional use application, the Council's adoption of a motion of approval or modified approval requires the Council to adopt an ordinance granting the conditional use.

Second, River Street contends that, whereas in *Commodore* the Council denied the proposed ordinance by a vote, here the Council denied the Ordinance by failing to vote within the statutory time period. As in *Commodore*, however, the issue presented is whether the Council has discretion to deny an ordinance—not the manner in which an ordinance may be denied.

Third, River Street contends that, whereas in *Commodore* both the motion and the proposed ordinance were considered by an identically-composed Council, here the Motion and Ordinance were considered by differently-composed Councils. The composition of the Council, however, is irrelevant to the question of whether the Council is required to adopt an ordinance once it has adopted a motion.

In sum, *Commodore* is not distinguishable; it is, thus, dispositive of the issue presented by this appeal. Accordingly, under *Commodore*, we conclude the trial court erred in ordering the Council to adopt the Ordinance.

## COSTS

The City and the Council request the costs incurred in connection with this appeal. We remand this issue to the trial court. *Commodore*, 19-0127, pp. 16-17 17, 275 So.3d at 471 (declining a request by the City, the Council, and the Council members to assess costs; noting that "it is within the discretion of the trial court to assess costs against the parties"; and remanding the request to the trial court).

## **<u>DECREE</u>**

For the foregoing reasons, the trial court's judgment is reversed. The City's and the Council's request for costs is remanded to the trial court.

**REVERSED AND REMANDED**