**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0828

ALANAH ODOMS

VERSUS

CHAVEZ CAMMON

Judgment rendered: **MAR 0 3 2022**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 704564

The Honorable William A. Morvant, Judge Presiding

* * * * *

Bruce Hamilton                           Attorneys for Plaintiff/Appellant
Megan E. Snider                          Alanah Odoms
New Orleans, Louisiana

Jeremiah J. Sams                         Attorneys for Defendant/Appellee
Faye D. Morrison                         Chavez Cammon
Baton Rouge, Louisiana

* * * * *

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

*Guidry, J. Concur.*

**HOLDRIDGE, J.**

This appeal involves a mandamus action seeking to obtain documents pursuant to the Louisiana Public Records Act, La. R.S. 44:1, *et seq.* The plaintiff, Alanah Odoms, the Executive Director for the American Civil Liberties Union of Louisiana, appeals the April 17, 2021 trial court judgment denying her request for a writ of mandamus. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 9, 2021, the plaintiff filed a petition for a writ of mandamus pursuant to the Louisiana Public Records Act naming as a defendant, Chavez Cammon, the Louisiana State Police (LSP) captain and commander of the public affairs/recruiting sections. The plaintiff's petition stated that the defendant was the official records custodian for the LSP and served as the central point for public records requests. In her petition, the plaintiff stated that on September 4, 2019, she made a public records request to the LSP that requested information on the facial recognition software used by the LSP. Specifically, the plaintiff's request stated the following:

> 1. All documents referencing facial recognition software currently being used by the [LSP], including its "Fusion" center, including but not limited to meeting agendas, meeting minutes, public notice, communications between your office and elected leaders, and analyses.
> 2. All documents referencing training conducted by the security company IDEMIA and provided to the [LSP], including but not limited to e-mails, calendar invitations, and memoranda.

On September 27, 2019, the LSP responded with the following, stating in pertinent part:

> As it pertains to your request for "meeting agendas, meeting minutes, public notice, and communications between your office and elected leaders," [Louisiana State Analytic and Fusion Exchange[1]] maintains no responsive records.
> As it pertains to the remainder of the records you request … your public records request is denied as the type of information you seek pertains to investigative techniques, investigative technical equipment

---

[1] The LSP employed a facial recognition system through a center known as the Louisiana State Analytical and Fusion Exchange (Fusion Center) in Baton Rouge.

or instructions on its use, and investigative training information or aids. Louisiana Revised Statute 44:3(A)(3) specifically exempts from the public records "[r]ecords containing … investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof[.]"

On October 2, 2019, the legal director for the American Civil Liberties Union of Louisiana sought clarification in a second request from the LSP for its denial of the plaintiff's first public records request. The LSP responded on December 13, 2019, stating that "any facial recognition software [was] investigative technical equipment covered by the exemption found in La. R.S. 44:3(A)(3). The nature of the documents you seek referencing any facial recognition software and training [were] also covered by the exemption found in La. R.S. 44:3(A)(3)." Thereafter, on February 9, 2021, the plaintiff filed her petition for a writ of mandamus.

On March 23, 2021, the trial court held a hearing on the plaintiff's petition for a writ of mandamus. At the hearing, the counsel for both parties presented arguments and the plaintiff's counsel offered into evidence several exhibits, which included the plaintiff's public records requests made on September 4, 2019 and October 2, 2019, as well as the response letters from the LSP dated September 27, 2019 and December 13, 2019. The custodian of records for the Investigative Support Section of the LSP, Captain Robert Hodges, testified at the hearing on behalf of the LSP. Captain Hodges testified that he was familiar with the plaintiff's public records request and that he assisted in preparing the response to her request. Captain Hodges confirmed that a search for documents related to the plaintiff's public records request was performed. Captain Hodges stated that he reached out to the Fusion Center manager as well as the Director of Research to determine when the facial recognition software was first used and how the LSP employees were trained. He explained that a search was conducted through the State's Office of Technology Services, which maintained LSP's e-mail and calendar system. Captain Hodges stated that he directed the Office of Technology Services to identify communications and calendar

3

events related to the Idemia Technology.[2] The search included all LSP personnel; however, no documents were identified. Captain Hodges stated that he also looked for physical documents, but there were none found. Captain Hodges' testimony confirmed multiple times that a search was conducted and that no documents were found.

After hearing arguments from the parties, the trial court stated, in pertinent part, the following:

> BASED ON BOTH THE EXHIBITS AND, AS SUPPLEMENTED BY THE TESTIMONY OF CAPTAIN HODGES, IT APPEARS THAT WITH REGARD TO QUESTION ONE, ALL DOCUMENTS REFERENCING FACIAL RECOGNITION SOFTWARE, INCLUDING BUT NOT LIMITED TO, MEETING AGENDA, MEETING MINUTES, PUBLIC NOTICES, COMMUNICATIONS BETWEEN YOUR OFFICE AND ELECTED LEADERS, THERE WAS A SEARCH AND THERE WERE NO DOCUMENTS REFERENCING ... FACIAL RECOGNITION SOFTWARE. THERE WAS NOTHING RESPONSIVE TO THAT REQUEST. AS TO ALL DOCUMENTS REFERENCING TRAINING CONDUCTED BY IDEMIA, INCLUDING EMAILS, AGAIN, CAPTAIN HODGES SAID, "WE'VE GOT NONE." I DO THINK THAT THE TRAINING, IF THERE WERE DOCUMENTS CONDUCTED, FALLS UNDER [La. R.S. 44:3(A)(3)], INVESTIGATIVE TRAINING INFORMATION OR AIDS. AND I THINK THAT THE SOFTWARE, IF THERE WERE -- IF IT GOES BEYOND THE SOFTWARE AND IT GOES TO THE ACTUAL TOOL, THAT'S INVESTIGATIVE TRAINING; AGAIN, TECHNIQUES, EQUIPMENT, CAPTAIN HODGES USED THE TERM, "THEY HAVE A FACIAL RECOGNITION SYSTEM AS AN INVESTIGATIVE TOOL AND IT'S AN INVESTIGATIVE TECHNIQUE THAT THEY EMPLOY AT THE REQUEST OF OTHER LAW ENFORCEMENT AGENCIES." AND I THINK THAT IF THEY HAD SOMETHING RESPONSIVE TO THOSE, IT WOULD FALL UNDER THE EXCLUSION OF [La. R.S. 44:3(A)(3).] BUT I'M SATISFIED, BASED ON WHAT I HAVE HEARD, THAT THERE ARE NO DOCUMENTS THAT ARE MAINTAINED BY [THE LSP] SPECIFIC TO THE REQUESTS THAT WERE MADE. AND FOR THOSE REASONS, I'M GOING TO DENY THE REQUEST FOR THE MANDAMUS.

---

[2] Idemia was the security company that created the facial recognition software program that the LSP utilized.

A judgment was signed on April 17, 2021, in accordance with the trial court's oral ruling, denying the plaintiff's request for a writ of mandamus. Thereafter, the plaintiff devoltuively appealed the trial court's judgment.

## APPLICABLE LAW

It is well settled that the public's right of access to public records is a fundamental right guaranteed by both the Louisiana Constitution and the Public Records Act set forth in La. R.S. 44:1 *et seq. Carolina Biological Supply Company v. East Baton Rouge Parish School Board*, 2015-1080 (La. App. 1 Cir. 8/31/16), 202 So.3d 1121, 1125. Article 12, section 3 of the Louisiana Constitution mandates that "[n]o person shall be denied the right to ... examine public documents, except in cases established by law."

The custodian of the record shall present a public records request to any person of the age of majority who so requests. La. R.S. 44:32(A). While the record generally must be made available immediately, the Public Records Act recognizes that some reasonable delay may be necessary to compile, review, and, when necessary, redact or withhold certain records that are not subject to production. See La. R.S. 44:33; *Stevens v. St. Tammany Parish Government*, 2017-0959 (La. App. 1 Cir. 7/18/18), 264 So.3d 456, 462, writ denied, 2018-2062 (La. 2/18/19), 265 So.3d 773. In such a case, within five business days of the request, the custodian must provide a written "estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request[.]" La. R.S. 44:35(A); *Stevens*, 264 So.3d at 462.

The enforcement provision under the Public Records Act is contained in La. R.S. 44:35 and provides, in pertinent part:

> A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic

request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.

Louisiana Code of Civil Procedure article 3863 provides that a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. A writ of mandamus is not an appropriate procedure where there is an element of discretion left to the public officer. *Vandenweghe v. Parish of Jefferson*, 11-52 (La. App. 5 Cir. 5/24/11), 70 So.3d 51, 58, writ denied, 2011-1333 (La. 9/30/11), 71 So.3d 289. A writ of mandamus is "an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief." *Hoag v. State*, 2004-0857 (La. 12/1/04), 889 So.2d 1019, 1023. The remedy "must be used sparingly ... to compel action that is clearly provided by law." *Hamp's Const., L.L.C. v. Housing Authority of New Orleans*, 2010-0816 (La. App. 4 Cir. 12/1/10), 52 So.3d 970, 973, quoting *Allen v. St. Tammany Parish Police Jury*, 96-0938 (La. App. 1 Cir. 2/14/97), 690 So.2d 150, 153, writ denied, 97-0599 (La. 4/18/97), 692 So.2d 455. "Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised." *Hamp's*, 52 So.3d at 973. "The remedy is not available to command the performance of an act that contains any element of discretion, however slight." *Id.* However, La. R.S. 44:35 authorizes the court to grant mandamus relief in all cases where a public record is improperly withheld from a person seeking disclosure.

6

Generally, an appellate court reviews a trial court's judgment on a writ of mandamus under an abuse of discretion standard. *Commodore v. City of New Orleans*, 2019-0127 (La. App. 4 Cir. 6/20/19), 275 So.3d 457, 465. Also, a trial court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review. *Id.* However, questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the *de novo* standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. *Id.* at 465-66.

## DISCUSSION

In the instant matter, the plaintiff assigns as error that the trial court erred in "creating requirements not found in the [Louisiana Public Records Act] to block the production of records" requested by the plaintiff. Specifically, the plaintiff argues that the Louisiana Public Records Act does not mandate the use of search terms or require that records must use the exact phraseology of the public records request. The plaintiff further argues that the law is silent on specifics relating to language requestors must use in making their request. Therefore, the plaintiff argues that the trial court erred in holding that her failure to use specific search terms was fatal to her public records request because the law is silent on the specifics that language requestors must use in making a public records request.

In *Lewis v. Morrell*, 2016-1055 (La. App. 4 Cir. 4/5/17), 215 So.3d 737, the Fourth Circuit Court of Appeal set forth the six requirements for invoking the mandamus remedy under the Public Records Act: (1) a request must be made; (2) the requester must be a "person;" (3) the request must be made to a "custodian;" (4) the document requested must be a "public record;" (5) the document requested must exist; and (6) there must be a failure by the custodian to respond to the request. *Id.* 742-44. In this case, the plaintiff filed a writ of mandamus seeking the enforcement

7

of her public records request to the LSP custodian of records, Captain Chavez Cammon. The record further reveals that Captain Hodges, the records custodian for the Investigative Support Section of the LSP, assisted in preparing the responses to the plaintiff's public record request. Captain Hodges' testimony confirmed that a search was conducted on all documents related to facial recognition software and no documents were identified. Therefore, the LSP confirmed that the first, second, third, and sixth requirements of the public records request were satisfied.

However, in order for a mandamus judgment to be issued in this case, the fifth requirement in *Lewis* requires that the document requested must exist. *Id.* at 743. The record reveals that Captain Hodges searched for Idemia and Morphotrack software because that is the only facial recognition software that the LSP utilizes. Captain Hodges's testimony confirmed that he searched for all documents relating to facial recognition software and no documents were identified. Captain Hodges' testimony further confirmed that he made inquiries about whether any facial recognition software training was provided by Idemia to identify records responsive to the plaintiff's public records request and he identified no documents. Thus, Captain Hodges' testimony remained consistent that no documents were maintained by the LSP specific to the plaintiff's public records request on facial recognition software. Therefore, we find that the trial court was correct in its determination that there are no documents maintained by the LSP specific to the plaintiff's public records request. Because we find that the fifth requirement for invoking the mandamus remedy under the Public Records Act is not met, we pretermit analyzing the fourth requirement; *i.e.* whether the document requested is a "public record."

Accordingly, after our *de novo* review of the record, it is apparent that the plaintiff has failed to satisfy her burden of showing that the extraordinary remedy of mandamus is warranted in this case pursuant to the Louisiana Public Records Act, La. R.S. 44:1, *et seq.* According to the testimony of Captain Hodges and the holding

by the trial court, no public record exist as to the plaintiff's public records request. Therefore, one of the six requirements identified in *Lewis* for invoking the mandamus remedy under the Public Records Act was not met. We find no error in the trial court's judgment denying the plaintiff's petition for a writ of mandamus.[3]

## CONCLUSION

For the above reasons, the April 17, 2021 judgment of the trial court is affirmed. We assess appeal costs to the plaintiff, Alanah Odoms.

**AFFIRMED.**

---

[3] Due to our holding in this matter, we pretermit discussion of the plaintiff's second assignment of error as to the trial court broadening the statutory limitation of La. R.S. 44:3(A)(3) as this argument was not asserted before the trial court and is being raised on appeal for the first time.