| | | |
|---|---|---|
| CAITLIN COOLEY | * | NO. 2022-CA-0564 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| ERROL G. WILLIAMS, IN HIS | * | |
| OFFICIAL CAPACITY AS | | FOURTH CIRCUIT |
| ASSESSOR FOR THE PARISH | * | |
| OF ORLEANS | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-04545, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge
Rachael D. Johnson)

Jonathan D. Lewis
Daniel E. Davillier
Charles Ferrier Zimmer, II
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLANT

John Jurgen Weiler
Reese F. Williamson
WEILER & REES, LLC
909 Poydras Street
Suite 1250
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

                 **AFFIRMED**
              **January 30, 2023**

*TFL*

*DNA*

*RDJ*

The plaintiff, Caitlin Juleann Cooley ("Ms. Cooley"), appeals the district court's denial of her petition for writ of mandamus filed against the defendant, Erroll G. Williams, in his official capacity as Assessor for the Parish of Orleans ("the Assessor"), wherein Ms. Cooley sought to have the district court issue a writ of mandamus ordering the Assessor to reverse his decision to deny Ms. Cooley's application for a homestead exemption.

The Assessor was within his authority to deny Ms. Cooley a homestead exemption based on her failure to prove valid ownership of the subject property. Finding that the district court properly denied Ms. Cooley's request for a writ of mandamus, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

Flag Boy Properties, L.L.C. ("Flag Boy") purchased an immovable piece of property located at 930 Forstall Street at an Orleans Parish Tax Sale. Flag Boy recorded an affidavit as set forth in La. R.S. 47:2157(D) with the Orleans Parish Recorder of Mortgages. Flag Boy sold the aforementioned property to Z Squared

Enterprises, L.L.C. ("Z Squared").  Thereafter, Z Squared sold the property to Ms. Cooley.

Ms. Cooley applied for a homestead exemption.  The Assessor denied Ms. Cooley's application for a homestead exemption.   In its denial, the Assessor explained that Ms. Cooley's predecessor in interest, Flag Boy, purchased the subject property and then sold the property to Z Squared without quieting title to the property.  Z Squared also failed to quiet the title to this tax sale property.

Ms. Cooley filed a petition for writ of mandamus seeking to overturn the Assessor's decision to deny her application for a homestead exemption.  Following the conclusion of the hearing, the district court took the matter under advisement, and subsequently, issued a judgment denying Ms. Cooley's writ of mandamus.  Ms. Cooley now appeals the district court's judgment.

### ASSIGNMENTS OF ERROR

On appeal, Ms. Cooley raises the following assignments of error: (1) the district court erred as a matter of law by failing to issue a writ of mandamus directing the Assessor to perform his ministerial duty and to issue Ms. Cooley her constitutionally guaranteed homestead exemption; and (2) the district court erred by (*i*) considering the application of La. R.S. 47:2157, and (*ii*) holding that this statutory scheme does not effectively quiet title to the property, when (*iii*), that issue was not properly before the trial court in the mandamus proceeding.

## STANDARD OF REVIEW

Appellate courts normally "review a trial court's decision to deny a request for a writ of mandamus under an abuse of discretion standard." *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.*, 16-0566, p. 13 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037. "'[A] trial court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review.'" *Jarquin v. Pontchartrain Partners, L.L.C.*, 19-0737, p. 7 (La. App. 4 Cir. 1/22/20), 289 So.3d 1129, 1134 (quoting *Commodore v. City of New Orleans*, 19-0127, p. 9 (La. App. 4 Cir. 6/20/19), 275 So.3d 457, 465-66). However, where statutory interpretation is at issue in mandamus proceedings, appellate courts apply a *de novo* standard of review. *Town of Sterlington v. Greater Ouachita Water Co.*, 52,482, p. 12 (La. App. 2 Cir. 4/10/19), 268 So.3d 1257, 1265, *writ denied*, 19-00913 (La. 9/24/19), 279 So.3d 386, and *writ denied*, 19-00717 (La. 9/24/19), 279 So.3d 931 (citing *Newman Marchive P'ship, Inc. v. City of Shreveport*, 07-1890, p. 3 (La. 4/8/08), 979 So.2d 1262, 1265). In a mandamus proceeding, "questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the *de novo* standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute." *Commodore*, 19-0127 at p. 9, 275 So.3d at 465-66.

## DISCUSSION

The issue before this Court is whether the district court properly denied Ms. Cooley's petition for writ of mandamus. "A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the

office to his successor." La. C.C.P. art. 3863. A ministerial duty is defined as a "simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Hoag v. State*, 04-0857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024; *see also Alberta, Inc. v. Atkins,* 12-0061, pp. 2-3 (La. 5/25/12), 89 So.3d 1161, 1163 (citing La. C.C.P. art. 3861).

The public officer sought to be compelled in this matter is the Assessor. The Assessor is charged with the statutory duty of assessing the properties in Orleans Parish and setting an official value for the properties so the same can be applied to the City's tax rolls. The Assessor is also responsible for issuing homestead exemptions to Orleans Parish property owners.

The right to a homestead exemption is created and guaranteed by Louisiana Constitution Article VII, § 20(A)(1). La. R.S. 47:1703.1 provides in paragraph (A) that the tax assessor "shall provide a form to property owners within the parish for permanent registration for the benefits of the homestead exemption. . ." Paragraph (B) provides that "[a] homestead exemption so claimed shall remain valid without necessity of renewal of the claim as long as the claimant and property qualify for the exemption." *Id.* A homestead exemption is a constitutionally guaranteed right for all Louisiana property owners and any local administrative rule or ordinance restricting the application must be strictly construed so as to prevent the local rule or ordinance from circumventing what has been constitutionally granted. *See Robertson v. Stonecreek Builders, LLC*, 50,798 (La. App. 2 Cir. 8/10/16), 200 So.3d 851.

The issue of whether the trial court should have denied Ms. Cooley's petition for writ of mandamus depends upon whether Ms. Cooley truly owned the property located at 930 Forstall Street. The tax sale procedures were overhauled by the

4

enactment of 2008 Sess. Law Serv. Act 819 (H.B. 337) ("Act 819"), which became effective January 1, 2009. *Central Properties v. Fairway Gardenhomes, LLC*, 16-1855, 16-1946, p. 10 (La. 6/27/17), 225 So.3d 441, 448. Pursuant to these revisions, "the tax collector no longer auctions the real estate itself; instead, the tax collector auctions a tax sale title to the property, as evidenced by a tax sale certificate per La. Rev. Stat. 47:2155, which neither transfers nor terminates the property interest of any person in the property." *Id.*, p. 11, 225 So.3d at 449. A "tax sale title" is "the set of rights acquired by a tax sale purchaser." La. R.S. 47:2122. According to the Louisiana Supreme Court, such set of rights acquired by the tax sale purchaser amounts to a lien on the property. *See Central Props.,* 16-1855, 16-1946, p.12, 225 So.3d at 449.

Prior to the tax sale, the tax collector is required to provide to the property owner notice of the tax delinquency and of the pending tax sale. La. R.S. 47:2153(A)(1)(a). After the tax sale, the tax collector issues to the tax sale purchaser a tax sale certificate, which is required to be recorded in the parish conveyance records. La. R.S. 47:2155(A). Further, after the tax sale and within the three-year redemptive period, the tax collector is required to notify the property owner that tax sale title has been sold at tax sale, and that the owner has three years to redeem the property beginning from the date the tax sale certificate was recorded in the land records. La. R.S. 47:2156(B) & (C). The property owner has three years to redeem the property from the tax sale purchaser by making a cash payment to the tax collector of the tax sale price plus costs incurred, fees and interest associated therewith. La. R.S. 47:2243; La. R.S. 47:2244; La. Const. art. VII, §25(B)(1).

After the expiration of the three-year redemptive period, another notice of tax sale must be provided to the owner. La. Const. art. VII §25(C); La. R.S. 47:2157(A).

5

For this notice, if five years have elapsed since the tax sale certificate was recorded, the required notice must provide the owner with 60 days to file suit to challenge the tax sale. La. R.S. 47:2157(A)(1)(a). In the alternative, if less than five years have elapsed since the tax sale certificate was recorded, the required notice must provide that the owner has six months to file suit to challenge the tax sale. La. R.S. 47:2157(A)(1)(b). The tax sale purchaser may also publish notice in the newspaper. La. R.S. 47:2157(B). After the expiration of the periods set forth in the post-redemption notices mentioned above, the tax sale purchaser is allowed to record an affidavit with the recorder of mortgages setting forth how the noticed parties were identified, to whom and where the post-redemption notices were sent, and the results of sending the notices. La. R.S. 47:2157(D).

A review of the statutory language of La. R.S. 47:2157 itself shows that the Subsection D affidavit does not purport to quiet tax title. La. R.S. 47:2157 and the official revision comments thereto show that the Subsection D affidavit was intended to provide evidence of notice in a judicial proceeding to quiet title. *See Harrier Enters., LLC v. Imbornone*, 19-0613 (La. App. 4 Cir. 1/29/20), ___ So.3d ___, 2020 WL 486804. While not law, the official revision comments can be helpful in determining legislative intent.

Subsection (E) provides that recording the Subsection D affidavit "shall operate as a cancellation, termination, release, or erasure of record of all statutory impositions due and owing to the political subdivision prior to the recordation of the tax sale certificate, and of all interests, liens mortgages, privileges, and other encumbrances recorded against the property and listed in the affidavit." La. R.S. 47:2157(E). The revision comments explain that "Subsection (E) provides that the filing of the affidavit cancels all statutory impositions due prior to the recordation of

6

the tax sale certificate since the purchase price paid was the amount of those statutory impositions of the taxing authority conducting tax sales." La. R.S. 47:2157, Rev. Cmt. (f).

"[T]he recorder of mortgages and recorder of conveyances shall treat as canceled, terminated, released, or erased, as applicable, all the liens, privileges, mortgages, interests, or other encumbrances canceled, terminated, released, or erased under Subsection E of this Section, only insofar as they affect the property." La. R.S. 47:2157(F). The official revision comments explain that "Subsection F requires the recorders to treat those items listed as terminated in the affidavit as in fact terminated." La. R.S. 47:2157, Rev. Cmt. (g). "Therefore, a mortgage certificate should not reflect those terminated encumbrances." *Id.*

For the purposes of Subsections (E) and (F) to La. R.S. 47:2157, the effect of recording the Subsection D Affidavit is limited to terminating encumbrances on the property that existed prior to the recordation of the tax sale certificate. Further, this Court determined "that the purpose of the provision allowing for the cancellation of statutory impositions by affidavit was to eliminate only those prior encumbrances that were actually satisfied through the proceeds of the tax sale." *Harrier Enters.*, ___ So.3d ___, 2020 WL 486804 at 4. This Court took the same position in another recent case, *Eclectic Inv. Partners, LP v. City of New Orleans*, 19-0895, p. 5 (La. App. 4 Cir. 4/8/20), ___ So.3d ___, ___, 2020 WL 1717477 *3.

Louisiana courts have held that "[t]he tax sale purchaser does not acquire title and full ownership in a tax sale property until there is a judgment in a suit to quiet title (LSA-R.S. 47:2266), a monition proceeding (LSA-R.S. 47:2271, *et seq.*), or a

7

suit to terminate the interests of the property owner (LSA-R.S. 47:2157)."[1] *Libertas Tax Fund I, LLC v. Laiche*, 21-0330, p. 11 (La. App. 1 Cir. 12/22/21), 340 So.3d 236, 244, *writ denied*, 22-00160 (La. 4/12/22), 336 So.3d 82; *LPR, L.L.C. v. Naquin*, 20-0847, p. 9 (La. App. 1 Cir. 2/19/21), 319 So.3d 369, 376. "It is not until there is a judgment in a suit to quiet title (La. R.S. 47:2266), a monition proceeding (La. R.S. 2271, *et seq.*), or a suit to terminate the interests of the property owner (La. R.S. 47:2157) that a tax sale purchaser acquires title and full ownership in a tax sale property." *Id.*

Ms. Cooley takes the position that the recordation of the Subsection D Affidavit is sufficient to confirm and quiet tax sale title to the property at issue. However, such interpretation places the deprivation of one person's rights to their property solely on the unilateral assertion of the tax sale purchaser, who has a self-interest to acquire full title to the property. Under Ms. Cooley's theory, all a tax sale purchaser needs to do is file an affidavit claiming that the purchaser took all of the necessary steps to notify the owner as required, and if the purchaser so states in the affidavit, he or she will then be considered the new property owner, free and clear of all encumbrances. Such an outcome would create harmful results and also violate public policy.

Assessors in Louisiana have a duty to provide an application for homeowners to apply for a homestead exemption. La. R.S. 47:1703; La. R.S. 47:1703.1. As part

---

[1] In *Flag Boy Props., LLC v. Dickerson*, this Court stated without discussion that "[t]itle to property may be quieted either by filing a petition to quiet title or by affidavit pursuant to La. R.S. 47:2157(D)." 19-0754, p. 5 (La. App. 4 Cir. 1/29/20), 291 So.3d 241, 244. The question of whether La. R.S. 47:2157 may quiet title to tax sale property was not raised by the parties, but rather was assumed to be true, and was not an issue considered in the Court's reasoning. *Id.* "A case does not create precedent for a proposition that was not argued by the parties and did not make part of the court's *ratio decidendi*." *Harrah's Bossier City Inv. Co., LLC v. Bridges*, 09-1916, p. 16 (La. 5/11/10), 41 So.3d 438, 450.

of the application process, the homeowner applying for the exemption must show to the assessor that he or she qualifies for the exemption. As such, the homeowner must show that they have valid ownership of the property. In the instant case, Ms. Cooley cannot show that she has valid ownership of the property. From her predecessors in interest, Ms. Cooley only acquired a tax sale title, which is only the set of rights acquired by a tax sale purchaser, and not valid ownership of the property. There has also never been a proper judicial proceeding instituted to quiet title to the property. The only actions that Ms. Cooley took were to apply to the Assessor for a homestead exemption, and when that was unsuccessful, to file a petition for a writ of mandamus to force the Assessor to issue a homestead exemption.

This Court discussed the parameters to issue a writ of mandamus in *Humane Soc'y of New Orleans v. Landrieu*, 13-1059, p. 3 (La. App. 4 Cir. 2/26/14), 135 So.3d 1195, 1197, (quoting *A.M.E. Disaster Recovery Servs. Inc. v. City of New Orleans*, 10-1755, p. 8 (La. App. 4 Cir. 8/24/11), 72 So.3d 454, 459)), as follows:

> "'A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law [ ... ]' La. C.C.P. art. 3863. A writ of mandamus is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief.' *Hoag v. State,* 040857, p. 6 (La. 12/01/04), 889 So.2d 1019, 1023. The remedy 'must be used sparingly ... to compel action that is clearly provided by law.' *Hamp's Const., L.L.C. v. Hous. Auth. of New Orleans,* 10–0816, pp. 3–4 (La. App. 4 Cir. 12/01/10), 52 So.3d 970, 973, quoting *Allen v. St. Tammany Parish Police Jury,* 96–0938, p. 4 (La. App. 1 Cir. 2/14/97), 690 So.2d 150, 153. 'Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised.' *Hamp's,* 100816, p. 4, 52 So.3d at 973. 'The remedy is not available to command the performance of an act that contains any element of discretion, however slight.' *Id.*"

Here, we find the Assessor acted within his discretion to deny Ms. Cooley's application for homestead exemption as the evidence did not show that she was the

valid owner of the property located at 930 Forstall Street.  Accordingly, the district court properly denied Ms. Cooley's petition for writ of mandamus.

## CONCLUSION

For the above and foregoing reasons, we affirm the judgment of the district court denying Ms. Cooley's petition for writ of mandamus.

**AFFIRMED**